lochabay 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-91-063-CV




DAVID LOCHABAY,



 APPELLANT


vs.





SOUTHWESTERN BELL MEDIA, INC.,



 APPELLEE



 




FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY



NO. 190,170, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING



 




 Southwestern Bell Media sued David Lochabay to recover a debt due and owing
under their contract. Lochabay counterclaimed, alleging against Bell a statutory cause of action
under the Deceptive Trade Practices-Consumer Protection Act (DTPA), Tex. Bus. & Com. Code
Ann. §§ 17.41-.63 (1987 & Supp. 1992). Lochabay appeals from a summary judgment that
awards Bell recovery on its claim while ordering that Lochabay take nothing by his claim against
Bell. We will affirm the judgment.



THE CONTROVERSY


 Bell publishes telephone listings and advertisements in the "yellow pages" it
produces and distributes as part of the Austin telephone directory. In 1988, Bell contracted with
David Lochabay, an Austin attorney, to publish in the "yellow pages" his advertisement for his
services as an attorney. Lochabay furnished to Bell a copy of the advertisement he wished to
publish. No Bell employee assisted Lochabay or suggested improvements in the advertisement.

 Bell published Lochabay's half-page advertisement in the directory, as it was
obligated to do by the contract. Lochabay made an initial payment of $2280.63, as the contract
required. The contract also required him to make several monthly payments of $1600 each, but
he made no further payments after the initial payment.

 In November 1989, Bell sued Lochabay for the balance owing ($18,707.37), plus
interest, costs and attorney's fees. Lochabay interposed a general denial and a counterclaim,
alleging that Bell had committed a deceptive trade practice by failing to inform him of defects in
the design and layout of his advertisement. See DTPA §§ 17.41-.63.

 Bell moved for summary judgment on both its claim against Lochabay and
Lochabay's counterclaim against Bell. The trial court sustained Bell's motion for summary
judgment. The court ordered that Bell recover $22,237.56, which represented the principal
amount owing under the contract, prejudgment interest and attorney's fees. The court also
awarded Bell postjudgment interest. Finally, the court sustained Bell's motion for summary
judgment that Lochabay take nothing by his counterclaim. (1) Lochabay appeals, complaining the
trial court erroneously sustained Bell's motion for summary judgment.



POINTS OF ERROR


 Lochabay assigns two points of error. Both rest on the same theory: (1) Lochabay,
inexperienced in the art of advertising, designed his own advertisement; (2) the advertisement
contained defects rendering it useless for attracting business; (3) Bell knew the advertisement was
defective; and (4) Lochabay would not have entered into the agreement had he known of the
defect. Lochabay urges the theory both as a defense to Bell's claim and as a basis for recovering
on his counterclaim. Lochabay does not assail on any other theory Bell's recovery on its contract
claim.

 In his first point of error, Lochabay cites section 17.46(b)(23) of the DTPA. That
section provides that a false, misleading or deceptive act includes "the failure to disclose
information concerning goods or services which was known at the time of the transaction if such
failure to disclose such information was intended to induce the consumer into a transaction into
which the consumer would not have entered had the information been disclosed." DTPA
§ 17.46(b)(23). Lochabay asserts that Bell violated section 17.46(b)(23) by failing to warn him
that his advertisement would likely be ineffective.

 In his second point of error, Lochabay contends the trial court erred because Bell's
conduct was an unconscionable act prohibited by the DTPA. See DTPA § 17.45(5)(A),(B). 
Lochabay argues that his advertisement produced virtually no business for him, creating a gross
disparity between the value he received and the amount he agreed to pay under the contract. 
Therefore, he contends, Bell acted unconscionably in failing to inform him that his advertisement
was defective.



DISCUSSION AND HOLDINGS


 Lochabay apparently does not contest the granting of summary judgment on Bell's
contract claim; instead, Lochabay relies on his counterclaim to defeat Bell's right to recover. 
Therefore, we will treat Bell as the defendant movant for the purposes of our analysis. 

 A moving party is entitled to summary judgment when "there is no genuine issue
as to any material fact and the moving party is entitled to judgment as a matter of law on the
issues expressly set out in the motion or in an answer or any other response." Tex. R. Civ. P.
Ann. 166(c) (Supp. 1992). A defendant may obtain summary judgment by establishing as a matter
of law that at least one element of the plaintiff's cause of action cannot be sustained, as in the case
where there is no genuine issue of fact as to that element. Gibbs v. General Motors Corp., 450
S.W.2d 827, 828 (Tex. 1970); Dubow v. Dragon, 746 S.W.2d 857, 860 (Tex. App. 1988, no
writ). 

 A summary judgment may be upheld on appeal on only those grounds expressly
set out in the motion for summary judgment. Tex. R. Civ. P. Ann. 166a(c) (Supp. 1992); Brooks
Fashion Stores, Inc. v. Northpark Nat'l Bank, 689 S.W.2d 937, 941 (Tex. App. 1985, no writ). 
In its motion for summary judgment, Bell averred, "[Lochabay's] counterclaim citing [Bell's] use
of deceptive trade practices is wholly unsupported by legal authority. [Lochabay] claims a breach
of [Bell's] alleged duty to advise and warn as to the advertisement's effectiveness; however, no
such implied duty exists under Texas law." We understand Bell to argue in the first quoted
sentence that the DTPA does not provide a cause of action and remedy for Lochabay. (2) In the
second quoted sentence, Bell argues that it had no duty to express an opinion about the
advertisement's effectiveness. The trial court's order granting summary judgment did not specify
the ground or grounds relied on for the ruling; therefore, we will affirm the summary judgment
if any of the theories advanced are meritorious. Rogers v. Ricane Enters., Inc., 772 S.W.2d 76,
79 (Tex. 1989).



A. DTPA CAUSE OF ACTION


 A plaintiff's rights under the DTPA arise solely from statute. When a "cause of
action and remedy for its enforcement are derived not from the common law but from [a] statute,
the statutory provisions are mandatory and exclusive, and must be complied with in all respects
or the action is not maintainable." Mingus v. Wadley, 285 S.W. 1084, 1087 (Tex. 1926). To
prevail under the DTPA, a plaintiff must establish all of the elements set forth in section 17.50: 
(1) the plaintiff must be a consumer; (2) the act complained of must be a producing cause of actual
damages; and (3) the act must be one of those prohibited by section 17.50(a)(1-4). (3) We do not
believe the DTPA imposes any express or implied duty on Bell unless and until Lochabay
establishes prima facie that he was a consumer. See DTPA § 17.50(a); Riverside Nat'l Bank v.
Lewis, 603 S.W.2d 169, 173 (Tex. 1980); see also Plaza Nat'l Bank v. Walker, 767 S.W.2d 276,
278 (Tex. App. 1989, writ denied) (the plaintiff has the burden to establish his consumer status).

 Section 17.45(4) defines "consumer" as "an individual . . . who seeks or acquires
by purchase or lease, any goods or services." A plaintiff must meet two tests to qualify as a
consumer: (1) the person must have sought or acquired goods or services by purchase or lease,
and (2) the goods or services purchased or leased must form the basis of the complaint. Cameron
v. Terrell & Garrett, Inc., 618 S.W.2d 535, 539 (Tex. 1981). If either requirement is lacking,
the aggrieved party must look to the common law or to some other statutory cause of action for
relief. Fielder v. Abel, 680 S.W.2d 655, 657 (Tex. App. 1984, no writ).

 The record demonstrates as a matter of law that Lochabay cannot meet the second
test -- that the service he purchased must form the basis of his complaint. See Southwestern Bell
Tel. Co. v. FDP Corp., 811 S.W.2d 572, 575 (Tex. 1991) (a sale of advertising space is primarily
the provision of a service rather than of goods). Under the record, Lochabay sought and
purchased nothing from Bell except one service -- that of publishing his advertisement. Lochabay
does not complain at all regarding this service. He complains instead of a service that Bell never
provided nor undertook to provide, and a service Lochabay never sought or purchased: advice
respecting the quality of the advertisement that Lochabay delivered to Bell for publication.

 In his affidavit opposing Bell's motion for summary judgment, Lochabay stated that
he "was expecting and would have been receptive to any suggestions or recommendations" the
Bell representative might have had about the advertisement design. He did not state, however,
that he ever requested advice or assistance. Even though consideration is not necessary for one
to be a consumer, the customer must initiate in good faith the purchasing process. Martin v. Lou
Poliquin Enters., Inc., 696 S.W.2d 180, 184 (Tex. App. 1985, writ ref'd n.r.e.). We do not
believe Lochabay's silent wish for assistance was sufficient to initiate the purchasing process; and
the silent wish does not, therefore, rise to the level of intent to acquire services necessary to create
a DTPA cause of action.

 A number of Texas courts have conferred consumer status on plaintiffs when the
activity complained of was collateral to the good or service purchased. These cases, however,
generally involve the acquisition of an intangible item, such as a loan, a bank account, or a
franchise agreement. (4) Although the DTPA does not cover a purchase of an intangible item, the
plaintiff can bring the acquisition within the DTPA by alleging he or she would not have sought
or purchased the intangible items but for the collateral services offered along with those items. 
See Herndon v. First Nat'l Bank of Tulia, 802 S.W.2d 396, 399 (Tex. App. 1991, writ denied);
see also FDIC v. Munn, 804 F.2d 860, 865 (5th Cir. 1986) (stating that the key principle to
determining "consumer" status in DTPA cases involving intangible items is whether the purchased
goods or services are an objective of the transaction or merely incidental to it). Lochabay did not
purchase an intangible item with accompanying collateral services. Instead, he purchased a
service, the publication of his advertisement, and now complains that he was not given another
service by Bell. Even if the intangible-purchase cases were analogous, we do not agree that the
purchase of one service entitled Lochabay to another service, because he did not allege that Bell
customarily provides design services to its advertising customers, or that he sought design advice
from Bell. See Riverside Nat'l Bank, 603 S.W.2d at 175; First State Bank, Morton, v. Chesshir,
634 S.W.2d 742, 747 (Tex. App. 1982, writ ref'd n.r.e.).

 Lochabay had the burden to establish his status as a consumer. Because the service
Lochabay purchased did not form the basis of his complaint, and because he did not purchase or
seek the advice of Bell in designing his advertisement, we hold that he did not establish prima
facie that he was a consumer. Therefore, Bell negated one element of Lochabay's cause of action
conclusively, and summary judgment was proper. Gibbs, 450 S.W.2d at 828; see also Tuscarora
Corp. v. HJS Indus., Inc., 794 S.W.2d 435, 441 (Tex. App. 1990, writ denied) (whether a
plaintiff is a consumer is a question of law for the trial court to determine from the evidence).



B. DUTY TO ADVISE


 Even if the motion for summary judgment was insufficient to raise the issue of
Lochabay's consumer status, we conclude the judgment was proper on another ground. Bell
argues that it was entitled to recover summary judgment because it owed Lochabay no duty to
express an opinion about the likely effectiveness of his advertisement. We agree. 

 First, Bell contracted only to publish the advertisement Lochabay submitted. Bell
did not agree to examine the advertisement for defects or to suggest improvements on Lochabay's
design, nor did Bell make any representations about the advertisement's likely success. 
Moreover, the contract between the parties imposed no obligation on Bell to evaluate Lochabay's
advertisement and determine its probable effectiveness. (5) Therefore, Lochabay must contend that
the DTPA imposes on a publisher an implied duty to assess advertising effectiveness. We do not
believe such a duty exists. See La Sara Grain Co. v. First Nat'l Bank of Mercedes, 673 S.W.2d
558, 565 (Tex. 1984) (the DTPA does not create warranties, but exists instead to enforce
warranties established independently of the Act). 

 Lochabay cites no authority supporting his proposition that Bell had an implied duty
to offer suggestions about the design of the advertisement, and we have found no authority
supporting such a theory. A failure to volunteer information is not necessarily a violation of the
DTPA. See State Farm County Mut. Ins. Co. v. Moran, 809 S.W.2d 613, 621 (Tex. App. 1991,
writ denied) (in the absence of misrepresentation, no DTPA cause of action arises when an insured
mistakenly believes "full coverage" means something other than what it actually means);
Northwest Otolaryngology Assocs. v. Mobilease, Inc., 786 S.W.2d 399, 405 (Tex. App. 1990,
writ denied) (lessor's failure to inform lessee of the purchase price of a leased vehicle was not a
DTPA violation). We do not believe that, by contracting to publish an advertisement, Bell
impliedly warranted that the advertisement was likely to be effective. When he signed the
contract, Lochabay assumed the risk which is inherent in any advertising contract, and we may
not rewrite the contract to reallocate that risk to Bell.

 Second, the Texas Supreme Court construes DTPA section 17.46(b)(23) to contain
a knowledge requirement, stating that a defendant cannot be held liable under the DTPA for
failing to disclose facts that he does not know himself. Robinson v. Preston Chrysler-Plymouth,
Inc., 633 S.W.2d 500, 502 (Tex. 1982) ("No such duty to know the facts are true arises when the
seller does not make representations, but merely fails to reveal information which he does not
know."). The success of an advertisement would appear to depend upon many variables. We do
not believe a publisher will necessarily know that the public will ignore or respond unfavorably
to an advertisement, particularly when, as here, the advertisement contains no typographical or
grammatical errors. 

 Lochabay admitted he sought no assistance from Bell, and the contract did not
obligate Bell to assist Lochabay in designing the advertisement. We decline to impose upon a
publisher an extra-contractual duty to offer unsolicited advice to an advertiser on how to design
an advertisement. We hold that Bell had no duty to inform Lochabay regarding the probable
effectiveness of his advertisement. As a matter of law, Bell did not engage in a practice
prohibited by section 17.46(b); thus, summary judgment for Bell was proper. Gibbs, 450 S.W.2d
at 828.

 Because Bell had no duty to suggest improvements to Lochabay's advertisement,
Bell did not engage in unconscionable conduct by failing to do so. Bell agreed only to publish the
advertisement Lochabay submitted to Bell. When Bell published the advertisement, Lochabay
received precisely the only services he had bargained for in the contract. An issue of fact
regarding unconscionability does not exist when a party's challenged conduct was undertaken in
compliance with the consumer's request. Koral Indus., Inc. v. Security-Connecticut Life Ins. Co.,
788 S.W.2d 136, 151 (Tex. App.), writ denied, 802 S.W.2d 650 (Tex. 1990).

 We overrule both points of error. Finding no error in the trial-court judgment, we
affirm the judgment in all respects.



 

 John Powers, Justice

[Before Justices Powers, Jones and B. A. Smith]

Affirmed

Filed: March 11, 1992

[Publish]

1. The trial-court judgment provides: "It is further ORDERED that Defendant's
counterclaim is denied in all respects." The parties have apparently construed this sentence to
mean that the court sustained Bell's motion for summary judgment on Lochabay's
counterclaim. We will proceed under the same assumption.
2. Although Bell's ground is stated broadly, we believe it is stated expressly. Lochabay did
not except to the motion for summary judgment, as he was required to do if he wished to
claim lack of specificity. Tex. R. Civ. P. Ann. 90 (Supp. 1992); University of Tex. at Austin
v. Joki, 735 S.W.2d 505, 507 (Tex. App. 1987, writ denied). Grounds for summary judgment
must at least be listed in the motion, but they may be stated concisely, without detail and
argument. Roberts v. Southwest Tex. Methodist Hosp., 811 S.W.2d 141, 146 (Tex. App.
1991, writ denied).
3. Those acts set forth in section 17.50(a) include: 


(1) the use or employment by any person of a false, misleading,
or deceptive act or practice that is specifically enumerated
in a subdivision of Subsection (b) of Section 17.46 of this
subchapter;


(2) breach of an express or implied warranty;


(3) any unconscionable action or course of action by any
person; or


(4) the use or employment by any person of an act or practice
in violation of Article 21.21, Texas Insurance Code, as
amended, or rules or regulations issued by the State Board
of Insurance under Article 21.21, Texas Insurance Code, as
amended.



DTPA § 17.50(a).
4. See, e.g., La Sara Grain Co. v. First Nat'l Bank of Mercedes, 673 S.W.2d 558, 564
(Tex. 1984) (stating that services provided by a bank in connection with a checking account
bring the activity within the scope of the DTPA); Texas Cookie Co. v. Hendricks & Peralta,
747 S.W.2d 873, 877 (Tex. App. 1988, writ denied) (holding that a franchise agreement
comes within the DTPA if the agreement contemplates collateral services); First Fed. Sav. &
Loan Ass'n v. Ritenour, 704 S.W.2d 895, 900 (Tex. App. 1986, writ ref'd n.r.e.) (holding
that a customer purchased collateral financial counseling services when he acquired a
certificate of deposit). 
5. The contract recited that it, and all other agreements for directory advertising between
the parties, constituted the entire obligation between the parties. The contract also recited that
any amendment or modification of the contract must be reduced to writing and signed by a
representative of each party.