TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00338-CV








Tom Staley and Marta Staley, Appellants



v.



City of Meadowlakes, Appellee









FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT


NO. 17,649, HONORABLE DONALD V. HAMMOND, JUDGE PRESIDING








 Appellants Tom and Marta Staley appeal a summary judgment granted in favor of
appellee City of Meadowlakes ("the City"). The district court held that the Staleys presented no
evidence that City Ordinance No. 86-8-23, a restriction on the height of fences "abutting the golf
course," was unconstitutional. The Staleys do not complain on appeal that the trial court erred
in declaring the ordinance constitutional; they complain only that the trial court erred in (1)
sustaining the City's objection to the Staleys' summary judgment proof, (2) finding as a matter
of law that the fence abutted the golf course, and (3) awarding attorney's fees to the City. We
affirm the judgment.


FACTUAL AND PROCEDURAL BACKGROUND

 This lawsuit arose out of a dispute between the parties over City Ordinance No.
86-8-23, section 25, which states: "A permit from the City Building Committee is required to
erect, alter or substantially change a fence of any kind. No fence shall be more than six (6) feet
in height and any fence abutting the golf course cannot be more than four (4) feet in height." 
(Emphasis added.) The Staleys made an application to the City of Meadowlakes and the
Meadowlakes Property Owners Association to build a six-foot fence around their backyard. The
City and the building committee approved the fence but, pursuant to the ordinance, limited it to
four feet in height on the side facing the golf course. On December 19, 1995, Mrs. Staley
appealed to the building committee for a height variance. The Staleys did not receive notice that
their request was denied until Mr. Staley, on February 6, 1996, informed the building committee
that he had not received his building permit. Two days later the building committee informed the
Staleys that their request had been denied. The Staleys built the fence around their house to a
height of six feet but did not finish the top two feet of the fence on the golf course side.

 The Staleys brought this suit against the City and the Property Owners
Association. (1) Their petition sought damages for (1) civil conspiracy and (2) equitable estoppel,
and sought declaratory relief (3) establishing the unconstitutionality of the ordinance and (4)
declaring the "rights of the parties" pursuant to the ordinance. The City filed a counterclaim for
a declaratory judgment that the ordinance was constitutional. The City then filed a motion for
summary judgment. 

 The Staleys' Original Petition states in pertinent part:


Plaintiffs request a declaration of the rights of the parties pursuant to the City's
ordinance regarding variances from height restrictions. Specifically, plaintiffs
request the court to order that Plaintiffs have complied with all the applicable
ordinances regarding the construction of a fence, and that because of the City's
inaction on their request for a variance, that Plaintiffs are entitled to a building
permit authorizing them to build a fence to a height of six feet on the golf course.


In the alternative, Plaintiffs allege that the City's ordinance regarding the height
of the fence on the golf course is invalid and unenforceable. The City does not
have a legitimate state interest in the height of a fence on the golf course. 


As its grounds for summary judgment, the City urged that the ordinance was constitutional; that
the denial of the variance did not affect the value of the plaintiffs' property or interfere with their
use of the property; that plaintiffs could not prove the elements of either civil conspiracy or
estoppel; and that the ordinance was otherwise valid. In their response to the City's motion for
summary judgment, the Staleys objected to the City's summary judgment proof and argued that,
as a matter of law, the ordinance was invalid because it violated their substantive due process
rights. They further argued that the ordinance as written does not prohibit them from building
the fence because, as they averred in affidavits, "[T]he fence is completely on our property, and
does not abut the golf course." The City objected to this summary judgment evidence on the
grounds that it was unsupported by the pleadings, that it stated a legal conclusion, and that the
Staleys were interested witnesses. The trial court sustained the objection.

 In its order granting summary judgment, the trial court found that the Staleys had
abandoned their civil conspiracy and equitable estoppel claims. The Staleys do not dispute this
recitation. The trial court granted summary judgment for the City on the issue of the
constitutionality of the ordinance and further found that "the word 'abutting' as used in section
25 of Ordinance No. 86-8-23 has the same meaning as, or is synonymous with, the word
'adjacent.'" Although the City's motion for summary judgment did not address the Staleys' cause
of action seeking a declaratory judgment that they had complied with the ordinance, "Mother
Hubbard" clauses in the order and final judgment deny all other relief sought by the Staleys. (2)


DISCUSSION

 The City filed a motion for summary judgment raising both traditional summary
judgment claims and a no-evidence claim. See Tex. R. Civ. P. 166a(c), (i). The district court
sustained both parties' objections to summary judgment proof and granted the City's no-evidence
motion. The trial court's order stated that the Staleys had presented no evidence that the
ordinance was unconstitutional. Because the Staleys do not complain of this conclusion on appeal,
we need not address the constitutionality of the ordinance. (3)

 A defendant's motion for summary judgment must expressly present the grounds
upon which it is made and must stand or fall on those grounds alone. See McConnell v. Southside
Indep. Sch. Dist., 858 S.W.2d 337, 341 (Tex. 1993); see also Tex. R. Civ. P. 166a(c) ("The
motion for summary judgment shall state the specific grounds therefor."). Likewise, "the non-movant must expressly present to the trial court, by written answer or response, any issues
defeating the movant's entitlement [to summary judgment]." McConnell, 858 S.W.2d at 343
(citing City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979)). "Issues
not expressly presented to the trial court by written motion, answer or other response shall not
be considered on appeal as grounds for reversal." Id. at 341. The purpose of this requirement
is to provide the non-movant with adequate information to oppose the motion and to define the
issues for the purpose of summary judgment. See Westchester Fire Ins. Co. v. Alvarez, 576
S.W.2d 771, 771 (Tex. 1978), overruled on other grounds by Clear Creek Basin Auth., 589
S.W.2d at 673; Camden Mach. & Tool, Inc. v. Cascade Co., 870 S.W.2d 304, 309 (Tex.
App.--Fort Worth 1993, no writ). 

 In determining whether grounds are expressly presented, we look only to the
motion itself and may not rely on the movant's brief or summary judgment evidence. See Science
Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997); McConnell, 858 S.W.2d at 341.

Further, in order to prevail on its motion for summary judgment, the City had the burden to meet
the Staleys' case as pleaded. See Cook v. Brundidge, Fountain, Elliott & Churchill, 533 S.W.2d
751, 759 (Tex. 1976); Sims v. Century Kiest Apartments, 567 S.W.2d 526, 530-31 (Tex. Civ.
App.--Dallas 1978, no writ). 

 The cynosure of the Staleys' case on appeal is that because the fence is entirely on
their property, it cannot as a matter of law "abut" the golf course. The Staleys contend that
because the trial court included a finding in its order that, as a matter of law, their fence abutted
the golf course, the City was required to show that the fence touched the course. But this claim
does not appear in the Staleys' Original Petition. Nowhere in their pleadings did the Staleys
allege that their fence did not abut the golf course; this theory first appears in their response to
the motion for summary judgment. Thus, in their response to the City's motion, the Staleys
contended that the ordinance as written did not prohibit them from building a fence on their
property because it did not touch the golf course. (4) The Staleys complain that because their lot is
elevated, the ordinance does not serve the aesthetic purpose for which it was intended. But the
claim of the nonabutting fence is not responsive to the City's motion for summary judgment. And
the amended petition is simply insufficiently broad to encompass an allegation concerning the
actual location of the fence. 

 This issue was not tried by consent because the City filed a written objection to the
assertion on three grounds, including that it was unsupported by the pleadings. Cf. Roark v.
Stallworth Oil & Gas, Inc., 813 S.W.2d 492, 495 (Tex. 1991) (unpleaded claim tried by consent
of the parties is treated as if it had been raised by the pleadings). The district court sustained the
objection stating no ground. Thus, the City properly objected to the Staleys' failure to plead that
the fence did not abut the golf course. See id. at 494-95. The Staleys did not seek leave to amend
their pleadings before the trial court rendered final judgment. See Tex. R. Civ. P. 66, 67,
166a(c). Nor did the Staleys file a summary judgment motion of their own asserting grounds that
would entitle them to summary judgment. Appellants are precluded from urging on appeal an
issue not properly raised below. See Clear Creek Basin Auth., 589 S.W.2d at 675. Because the
claim is unsupported by the pleadings and is not a ground upon which summary judgment can be
denied, we conclude that it cannot form the basis of a response that would defeat the City's
showing. 

 Even if the Staleys' petition is construed to allege that the fence does not "abut"
the golf course, the City is still entitled to judgment as a matter of law. Because of the unusual
posture of this case and in the interest of justice, we will address this issue. The Staleys argue
that the fence does not touch or "abut" the golf course because it is built on their side of the
property line. We are not persuaded by this argument.

 The City's summary judgment evidence included several affidavits to which were
attached correspondence between the parties as well as drawings of the fence and properties
involved. (5) The evidence reflects that on February 9, 1996, Mr. Staley sent a letter to the Board
of Commissioners appealing the denial of a waiver on the height requirement "to erect a fence on
my property." On February 12, 1996, Mr. Staley wrote a letter to the building committee in
which he states: "I assume my application for my fence with height variance (abutting the golf
course) has been approved." In response, Wayne Dollar of the building committee stated: 
"Permission is denied for a variance on the section of fence adjacent to the golf course." 
(Emphasis added.) In other correspondence from the Staleys as well as their affidavits, reference
is made to the fence "adjacent to the golf course," "on the golf course," "along" and "on the west
side of our property," and "facing the golf course." The affidavit of Herbert Caldwell discussed
the height restriction on "all fences adjoining the golf course," and he further described the
submission of drawings by Mrs. Staley seeking a variance on the fence "bordering" the golf
course. While "homemade," the drawings show the configuration of the Staleys' property
bordering the golf course. Another drawing of the fence itself--four feet of cedar plank and two
feet of latticework--shows that it is adjacent to the golf course. The Meadowlakes Building
Committee, which included Caldwell, inspected the property and the fence line. 

 In her answers to interrogatories, which are attached as exhibits to the City's
motion, Mrs. Staley stated that she would testify at trial that on December 19, 1995, she "attended
[a] weekly meeting of Architectural Control Committee of the POA to request variance on fence
height along golf course." (Emphasis added.) 

 In their response to the City's motion, Mrs. Staley attached as an exhibit to her
affidavit photocopies of photographs which she described as "taken from the golf course looking
forward toward property adjacent to the golf course." She further averred that on December 19,
1995, she "attended the weekly meeting of the Architectural Control Committee of the
Meadowlakes Property Owners Association to request approval for a height variance on fence
abutting the golf course." 

 The material facts, then, appear from the parties' affidavits and are without dispute
--with one exception. In their affidavits, Mr. and Mrs. Staley averred that "[t]he fence is entirely
on our property, and does not abut the golf course in any way whatsoever." (Emphasis added.)

 The words in a statute or ordinance should be interpreted according to their
ordinary meaning; they are not to be interpreted in an exaggerated, forced, or strained manner. 
See Howell v. Mauzy, 899 S.W.2d 690, 704 (Tex. App.--Austin 1994, writ denied). Every word
of a statute is presumed to have been used for a purpose, and every word excluded must also be
presumed to have been excluded for a purpose. See Cameron v. Terrell & Garrett, Inc., 618
S.W.2d 535, 540 (Tex. 1981); Barr v. Bernhard, 562 S.W.2d 844, 849 (Tex. 1978). The word
used in the ordinance is "abut." It is not a term of art; its plain meaning is "to border on; reach
or touch." (6)

 The word is commonly used in property rights cases as well as cases involving
ordinances authorizing assessments for properties "abutting" upon a street or other improvement. 
See, e.g., State v. Fuller, 407 S.W.2d 215, 220 (Tex. 1966); Town of Palm Valley v. Johnson,
17 S.W.3d 281, 286 (Tex. App.--Corpus Christi 2000, no pet. h.). In Clements v. City of Corpus
Christi, 471 S.W.2d 83, 85 (Tex. Civ. App.--Corpus Christi 1971, writ ref'd n.r.e.), property
owners sued the City of Corpus Christi to enjoin the City from enforcing a paving assessment
against "abutting" properties for street improvements. Quoting the Texas Supreme Court in
Fuller that "[t]he term 'abutting owner,' when used in relation to highways, ordinarily refers to
one whose land actually adjoins the way, although it is sometimes used loosely without implying
more than a close proximity," Fuller, 407 S.W.2d at 220, the court of appeals concluded that,
because there was no "intervening tract of land," the property was abutting for assessment
purposes. Clements, 471 S.W.2d at 86. While the general rule is that physical separation from
the improvement will render property nonabutting for assessment purposes, where the property
owner has free and unimpeded access across the intervening space to the improvement, the
property is to be considered abutting. See id. at 86. (7) In interpreting a similar ordinance
referencing "lots abutting the golf course," one court of appeals recognized the aesthetic purposes
served by such an ordinance, to wit, to provide clear and unobstructed views of the golf course. 
See Beere v. Duren, 985 S.W.2d 243, 248 (Tex. App.--Beaumont 1999, pet. denied). In the end,
however, we return to the plain meaning and common usage of the word. While the word has
various, similar meanings, it is hardly a word of precision.

 We are informed by the words used by the parties and the frequency with which
both parties used the word abut interchangeably with its various synonyms. Throughout the
extensive negotiations and communications between the parties, no one suggested that the fence
would not be on the Staleys' property or that an intervening tract of land would separate the fence
from the golf course. To the contrary, the proof is conclusive that the fence would be built on
the Staleys' property and would be adjacent to the golf course. Importantly, the Staleys do not
dispute this evidence. In addition to the sketches submitted by the Staleys that showed a fence "on
my property" with no intervening land adjacent to the golf course, Mr. Staley referred to his
application to build "my fence . . . abutting the golf course." In her affidavit, Mrs. Staley
averred that on December 19, 1995, she attended a meeting "to request approval for a height
variance on fence abutting the golf course." (Emphasis added.) In a letter to the Meadowlakes
Property Owners Association, the Staleys' lawyer refers to the request for a variance "on the
height of that portion of the fence adjacent to the golf course." The attorney added, "This
building permit authorized the construction of the fence but limited the fence to 4 feet high on
the golf course . . . . My clients hereby request that the City of Meadowlakes issue a new
building permit authorizing the construction of the fence to the height of 6 feet on the golf
course." (Emphasis added.) No one suggested that the intendment of his statement was that the
fence would be physically built on golf course property. The dispute was never over where the
fence was located, but whether, because of the topography of the Staleys' property, it fit within
the ordinance. 

 Thus, the common usage as exemplified by the parties makes clear that the word 
"abuts" in common parlance--and in the context of this case--means "to border on." It is also clear
that the parties used the phrase "on the golf course" not in the context of the fence physically
being located on golf course property, but rather to describe that portion of the fence that was on
the golf course side of the property or that bordered the golf course. (8) The Staleys' construction
of what constitutes an abutting fence would require us to place a strained construction upon the
common and ordinary meaning of the word "abut." By their definition, because a fence on their
property does not encroach upon or physically touch the golf course, it is nonabutting. To accept
the Staleys' interpretation would be to allow an individual by his own act to evade the objective
of the ordinance. Thus, an individual could build a fence one inch or one foot from the property
line and assert that the fence was nonabutting. We believe the Staleys' interpretation of the word
is far more narrow than its actual meaning or contemplated usage. Examining the usage of the
word in its context and considering the interest of the City of Meadowlakes in preserving property
values and the aesthetic features of the golf course, we conclude that the word abut, as used in
the ordinance and by the parties, means "borders on," "touch," or "adjacent to." Given the
City's summary judgment proof, we agree with the district court that the City met its summary
judgment burden to show that, as a matter of law, the Staleys' requested height variance was
prohibited by the ordinance.

 Even if we were to conduct this review under the no-evidence summary judgment
standard, the result would be the same. "A no-evidence summary judgment is essentially a
pretrial directed verdict, and we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict." Jackson v. Fiesta
Mart, 979 S.W.2d 68, 70 (Tex. App.--Austin 1998, no pet.) (quoting Moore v. K Mart Corp., 981
S.W.2d 266, 269 (Tex. App.--San Antonio 1998, pet. denied)). As in the review of a directed
verdict, the task of the appellate court is to determine whether the plaintiff has produced any
evidence of probative force to raise fact issues on the material questions presented. A no-evidence
summary judgment is properly granted if the nonmovant fails to bring forth more than a scintilla
of probative evidence to raise a genuine issue of material fact as to an essential element of the
nonmovant's claim on which the nonmovant would have the burden of proof at trial. See Tex.
R. Civ. P. 166a(i); Merrell Dow Pharmaceuticals, Inc. v. Havner, 953 S.W.2d 706, 711 (Tex.
1997), cert. denied, 525 U.S. 1017 (1998). If the evidence supporting a finding rises to a level
that would enable reasonable, fair-minded persons to differ in their conclusions, then more than
a scintilla of evidence exists. See Havner, 953 S.W.2d at 711. A scintilla of evidence exists
when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of a
fact, and the legal effect is that there is no evidence. See Kindred v. Con/Chem, Inc., 650 S.W.2d
61, 63 (Tex. 1983). As in the review of any summary judgment, the appellate court must
consider all of the evidence in the light most favorable to the party against whom the no-evidence
summary judgment was rendered; every reasonable inference must be indulged in favor of the
nonmovant, and any doubts will be resolved in the nonmovant's favor. See Qantel Bus. Sys., Inc.
v. Custom Controls Co., 761 S.W.2d 302, 303-04 (Tex. 1988).

 In the present case, the trial court excluded from evidence the Staleys' affidavits
in which they stated that their fence does not abut the golf course. The City objected to the
affidavits on three grounds: (1) that they contain legal conclusions, (2) that the Staleys are
interested witnesses, and (3) that the assertion is unsupported by the pleadings. The trial court
sustained the objection without specifying a reason. We hold the exclusion of the affidavits in
their entirety was error. The allegation of logical conclusions based on stated underlying facts
is not improper. Cf. Johnson v. Bethesda Lutheran Homes, 935 S.W.2d 235, 239 (Tex.
App.--Houston [1st Dist.] 1996, writ denied) (Hedges, J., concurring). An affidavit must be made
on personal knowledge, must set forth such facts as would be admissible in evidence, and must
show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. See
Tex. R. Civ. P. 166a(f). Thus, the Staleys' factual averments that, "[t]he fence is completely on
our property" is admissible. But the legal conclusion that, because the fence is entirely on their
property, it does not "abut" the golf course is merely a restatement of their legal argument-- an
erroneous one--and is not an admissible assertion. Although the affidavit is generally admissible,
it fails to controvert the grounds set forth in the City's motion. Nor does it succeed in raising a
fact question even on the ground first raised by the Staleys in their response to the motion. The
affidavit was devoid of any facts showing, for example, that the fence was located some distance
inside the property line, or that there was an intervening tract of land between the golf course and
the fence.

 Conclusory factual statements are not proper as summary judgment proof; nor will
factual conclusions suffice to defeat a summary judgment motion. See Purcell v. Bellinger, 940
S.W.2d 599, 602 (Tex. 1997). Unsupported conclusory statements are not credible and are not
susceptible to being readily controverted. See Tex. R. Civ. P. 166a(c); Ryland Group, Inc. v.
Hood, 924 S.W.2d 120, 122 (Tex. 1996). To survive the motion for summary judgment, the
Staleys were required to adduce actual proof to raise a fact question. Because legal conclusions
do not constitute competent evidence, they are insufficient to raise a fact question to defeat a
summary judgment motion. See, e.g., Mercer v. Daoran Corp., 676 S.W.2d 580, 583-84 (Tex.
1984) (whether indebtedness renewed and extended); Life Ins. Co. v. Gar Dal, Inc., 570 S.W.2d
378, 382 (Tex. 1978) (all offsets and payments were not credited); Town of Palm Valley, 17
S.W.3d at 286 (whether property abuts road).


 The City also argues that the Staleys are interested witnesses and therefore their
statements are inadmissible. An affidavit, otherwise admissible, is not incompetent as summary
judgment evidence merely because the affiant is an interested witness. It is true that the granting
of a summary judgment may be based on uncontroverted testimonial evidence of an interested
witness only if the evidence is clear, positive and direct, otherwise credible and free from
contradictions and inconsistencies, and could have been readily controverted. See Tex. R. Civ.
P. 166a(c). But relevant evidence from an interested witness may always be used to defeat a
motion for summary judgment by raising a fact issue. 

 Although we conclude that the affidavits are admissible, we hold that they are not
probative on the issues set forth in the City's motion. Because the City conclusively established
that it was entitled to judgment as a matter of law that the fence adjacent to the golf course was
prohibited by the ordinance, the burden shifted to the Staleys to produce controverting evidence
showing that a material fact issue still existed. Faced with the City's motion, the Staleys failed
to respond with evidence on the issues in the City's motion. They produced instead a new claim
supported by mere factual assertions of little probative value. Thus, even if the City was required
to address the issue of whether the fence was "abutting" the golf course, the Staleys failed to carry
their burden to adduce sufficient "evidence" demonstrating the existence of a material fact. We
therefore hold that a no-evidence summary judgment in favor of the City was proper and overrule
the issue.


 In their third issue, the Staleys challenge the trial court's award of attorney's fees
to the City. They urge that the attorney's fees were not requested in the City's motion for
summary judgment and that there was no competent evidence concerning whether the fees were
reasonable and necessary. Following the disposition of the motion for summary judgment, the
City filed a motion accompanied by affidavits seeking attorney's fees and costs in the amounts of
$19,732.25 and $811.90, respectively. The district court awarded fees and costs in the total
amount of $10,000.

 Section 37.009 of the Uniform Declaratory Judgments Act provides that "in any
proceeding under this chapter, the court may award costs and reasonable and necessary attorney's
fees as are equitable and just." Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (West 1997). A
motion for summary judgment must be supported by the pleadings on file, and the final judgment
of the court must conform to those pleadings. See Cunningham v. Parkdale Bank, 660 S.W.2d
810, 812 (Tex. 1983). The City's amended answer specifically requests an award of attorney's
fees pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code. The trial court in
its summary judgment specifically awarded attorney's fees pursuant to Section 37.009. The
amount of an award of attorney's fees rests in the sound discretion of the trial court, and its
judgment will not be reversed on appeal without a clear showing of abuse of discretion. Finding
no abuse of discretion, we overrule the final issue.


CONCLUSION

 Having sustained the Staleys' objection to the exclusion of their affidavits, we
overrule their remaining issues. Accordingly, we affirm the judgment of the district court.



 


 Jan P. Patterson, Justice

Before Justices Jones, Kidd and Patterson

Affirmed

Filed: July 27, 2000

Do Not Publish
1. Staleys later voluntarily dismissed their claims against the Association.
2. The City apparently--and perhaps, understandably--construed the cause of action to allege
only estoppel. Whether the Staleys currently comply with the ordinance is irrelevant to the
remedy they seek, i.e., to increase the fence height by two feet on the golf course side. It is error
for a trial court to deny relief as to a cause of action not specifically attacked in the motion for
summary judgment. See Guest v. Cochran, 993 S.W.2d 397, 401-02 (Tex. App.--Houston [14th
Dist.] 1999, no pet.); see also Bandera Elec. Coop., Inc. v. Gilchrist, 946 S.W.2d 336, 337 (Tex.
1997). The Staleys are not entitled to reversal on this basis, however, because they did not raise
this complaint on appeal. See Kassen v. Hatley, 887 S.W.2d 4, 13 (Tex. 1994); Stiles v.
Resolution Trust Corp., 867 S.W.2d 24, 26 (Tex. 1993). In addition, although the Staleys
objected to the evidence submitted by the City in support of its motion, they failed to object to the
form of the motion. They further did not object to the motion for summary judgment on the basis
that the grounds relied upon by the City were unclear or ambiguous, see McConnell v. Southside
Indep. Sch. Dist., 858 S.W.2d 337, 342-43 (Tex. 1993); Lochabay v. Southwestern Bell Media,
Inc., 828 S.W.2d 167, 170 n.2 (Tex. App.--Austin 1992, no writ), and they do not raise these
issues on appeal.
3. The Staleys list seven issues separately in the "Issues Presented" section of their brief. See
Tex. R. App. P. 38.1(e). In the "Summary of the Argument" section of the brief, they discuss
generally three arguments for reversal which do not easily correspond to the issues listed. See
id. 38.1(g). The six-page "Argument" section of the brief discusses three issues loosely
correlating to the issues presented and summary of argument. Each issue or related group of
issues presented in a brief should be separately briefed. See id. 38.1(h). The City complains that
the brief fails to include appropriate citations to the record. See id. Recognizing that the brief
complies with these requirements in only a glancing fashion, we will nevertheless deem the
briefing to adequately conform to the rules. See id. 38.9. We do not, however, construe the
appeal as the dissent apparently does to challenge generally the granting of the summary
judgment; if it is so intended, it is inadequately briefed. 
4. Nor do the Staleys challenge the ordinance on the ground that it is vague or that it is
intended to apply to property--and not the fence itself--actually touching the golf course. 
5. The City's summary judgment evidence included, among other things, two affidavits
addressing the location of the portion of the Staley's fence facing the golf course. The affidavit
of Herbert Caldwell stated that Mrs. Staley sought a two-foot height variance of the fence
"bordering" the golf course. Wayne Dollar stated in his affidavit that Mr. Staley requested a
variance for a fence "along" the golf course. Additionally, the affidavit of Marge Pace, the City
Secretary, contained a building permit stating the fence is to be limited to four feet "on" the golf
course.
6. Webster's New Third International Dictionary defines "abut" as "to border on; reach or
touch with an end." Webster's Third New International Dictionary 8 (Philip B. Gove ed., 1986). 
Black's Law Dictionary defines "abut" to mean "to reach; to touch. To touch at the end; be
contiguous; join at a border or boundary; terminate on; end at; border on; reach or touch with an
end." Black's Law Dictionary 11 (6th ed. 1990). Black's also says "the term 'abutting' implies
a closer proximity than the term 'adjacent.' No intervening land." Id. In the Oxford English
Dictionary, "abut" is generally defined as "to touch with an end; to border on." Oxford English
Dictionary 12 (3d ed. 1973). 


 By contrast, Webster's defines "adjacent," the word used by Mr. Dollar, as "not distant
or far off; nearby but not touching." Webster's, at 26. "Adjacent implies that the two objects
are not widely separated, though they may not actually touch." Black's, at 41 (citing Harrison
v. Guiliford Co., 12 S.E.2d 269 (N.C. 1940)). The word "along," used by Mr. Dollar in his
affidavit, also does not mean touching at all points; nor does it necessarily imply contact. Black's,
at 77. Nor does "bordering," as used by Mr. Caldwell in his affidavit, necessarily mean
"touching," but rather means "adjacent to." Webster's, at 255.
7. See also J.A. Connelly, Annotation, What Property "Abuts" on Improvements so as to be
Subject to Assessment, 97 A.L.R.2d 1079 (1964), for a discussion of special assessments and
abutting property.
8. In their original petition, the Staleys allege that "Plaintiffs are entitled to a building permit
authorizing them to build a fence to a height of six feet on the golf course." (Emphasis added.)



to reversal on this basis, however, because they did not raise
this complaint on appeal. See Kassen v. Hatley, 887 S.W.2d 4, 13 (Tex. 1994); Stiles v.
Resolution Trust Corp., 867 S.W.2d 24, 26 (Tex. 1993). In addition, although the Staleys
objected to the evidence submitted by the City in support of its motion, they failed to object to the
form of the motion. They further did not object to the motion for summary judgment on the basis
that the grounds relied upon by the City were unclear or ambiguous, see McConnell v. Southside
Indep. Sch. Dist., 858 S.W.2d 337, 342-43 (Tex. 1993); Lochabay v. Southwestern Bell Media,
Inc., 828 S.W.2d 167, 170 n.2 (Tex. App.--Austin 1992, no writ), and they do not raise these
issues on appeal.
3. The Staleys list seven issues separately in the "Issues Presented" section of their brief. See
Tex. R. App. P. 38.1(e). In the "Summary of the Argument" section of the brief, they discuss
generally three arguments for reversal which do not easily correspond to the issues listed. See
id. 38.1(g). The six-page "Argument" section of the brief discusses three issues loosely
correlating to the issues presented and summary of argument. Each issue or related group of
issues presented in a brief should be separately briefed. See id. 38.1(h). The City complains that
the brief fails to include appropriate citations to the record. See id. Recognizing that the brief
complies with these requirements in only a glancing fashion, we will nevertheless deem the
briefing to adequately conform to the rules. See id. 38.9. We do not, however, construe the
appeal as the dissent apparently does to challenge generally the granting of the summary
judgment; if it is so intended, it is inadequately briefed. 
4. Nor do the Staleys challenge the ordinance on the ground that it is vague or that it is
intended to apply to property--and not the fence itself--actually touching the golf course. 
5. The City's summary judgment evidence included, among other things, two affidavits
addressing the location of the portion of the Staley's fence facing the golf course. The affidavit
of Herbert Caldwell stated that Mrs. Staley sought a two-foot height variance of the fence
"bordering" the golf course. Wayne