**Janice HAYNES, Appellant,**

v.

**CITY OF BEAUMONT, Paula Labrie, Individually and in her official capacity as Controller for the City of Beaumont, and Beverly Hodges, Individually and in her official capacity as Finance Director for the City of Beaumont, Appellees.**

No. 06–00–00023–CV.

Court of Appeals of Texas, Texarkana.

Submitted July 13, 2000.

Decided Dec. 8, 2000.

Jon A. Haslett, Larry W. Watts, Watts & Associates, PC, Houston, for appellant.

Tyrone E. Cooper, Asst. City Atty., Beaumont, for City of Beaumont.

Dewwy J. Gonsoulin, Mehaffy & Weber, Beaumont, for Paula Labrie & Beverly Hodges.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

CORNELIUS, Chief Justice.

Janice Haynes appeals from an adverse summary judgment in her wrongful termination suit against the City of Beaumont, Paula Labrie, and Beverly Hodges. The suit arose from Haynes' termination from employment as a grant accountant for the City.

Haynes alleged in her petition that she was denied certain rights in violation of 29 U.S.C.A. § 2601 (West 1999), 42 U.S.C.A. § 1983 (West Supp.2000), and the United States and Texas Constitutions. She alleged that Labrie, who is the City's Controller and Haynes' former supervisor, pressured her into forgoing her rights under the Family and Medical Leave Act, 29 U.S.C.A. § 2601, harassed her when she asserted those rights, and ultimately terminated her for speaking out about those rights. She also alleged that Hodges, who is the City's Finance Director and Labrie's supervisor, was responsible for Labrie's actions and made the final decision to terminate her employment. All the defendants denied Haynes' allegations and asserted defenses of immunity. They also moved for summary judgment, which the trial court granted on all claims and as to all defendants.

Haynes challenges the trial court's summary judgment because she contends a genuine issue of fact exists in her causes of action under the FMLA, the First and Fourteenth Amendments to the United States Constitution, Article I, Sections 8 and 19 of the Texas Constitution, and her tort claim of negligent supervision against Hodges. Haynes also contends that Labrie and Hodges were not entitled to the affirmative defense of qualified immunity, and that the trial court erred in refusing to consider her late-filed response to the motions for summary judgment. We affirm the judgment of the trial court as to Haynes' causes of action under Section 1983 against Labrie and Hodges in their individual capacities, and affirm the judgment in favor of all defendants as to Haynes' free speech and due process claims under Section 1983. We also affirm the judgment as to the money damages portion of Haynes' Texas Constitutional claims. We sever and reverse the judgment as to Haynes' remaining claims and remand those claims to the trial court for trial.

### OUT-OF-TIME RESPONSE

■ Haynes contends that the trial court abused its discretion by denying her motion for leave to file an out-of-time response to the motions for summary judgment. Labrie and Hodges filed their motions for summary judgment on August 20; the City filed its motion for summary judgment on August 23. The court set a hearing on the motions for September 17, but continued it until October 6 at Haynes' request.

Under TEX.R.CIV.P. 166a(c),[1] Haynes had until September 29 to file her response, but that time could be extended under TEX.R.CIV.P. 5 to the date received if she mailed her response on or before September 29. *See Sosa v. Cent. Power & Light,* 909 S.W.2d 893, 895 (Tex.1995); *Clendennen v. Williams,* 896 S.W.2d 257, 259 (Tex. App.—Texarkana 1995, no writ). Haynes' response was mailed on September 30

---

1. TEX.R.CIV.P. 166a(c) states in part, "Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response."

along with a motion for leave to file it out of time, but it was not received and filed until October 5, one day before the scheduled hearing.

In her motion, Haynes stated that on September 29 the law firm representing her discharged the attorney most familiar with her case, that another attorney at the firm discovered late the same day that the response had not been completed, and that despite his best efforts the attorney could not complete the response in time to get it in the mail on September 29. Haynes' attorney contacted opposing counsel, who agreed not to oppose an extension if the response was faxed to their office by 10:00 a.m. on September 30. It was not. In its order granting summary judgment, the trial court explicitly stated that it did not consider Haynes' response to the motions for summary judgment.

■ Whether to grant the nonmovant additional time to file a response to a motion for summary judgment is within the trial court's discretion. Tex.R.Civ.P. 166a(c). We therefore review the trial court's decision under an abuse of discretion standard. *See Jatoi v. Decker, Jones, McMackin, Hall & Bates*, 955 S.W.2d 430, 433 (Tex.App.—Fort Worth 1997, pet. denied); *Atkins v. Tinning*, 865 S.W.2d 533, 535 (Tex.App.—Corpus Christi 1993, writ denied); *Folkes v. Del Rio Bank & Trust Co.*, 747 S.W.2d 443, 444 (Tex.App.—San Antonio 1988, no writ).

In *Atkins*, the court held that the trial court did not abuse its discretion in refusing to file a late response. *Atkins v. Tinning*, 865 S.W.2d at 535. In that case, the plaintiff received the defendant's motion on March 15 and a hearing was scheduled for April 3. The hearing was continued to April 10 at the plaintiff's request, but the plaintiff did not file his response until April 9. The court held that eighteen days

was sufficient time for the plaintiff to file a response.

In *Jatoi*, the appellant's attorney was not retained until January 29, thirty-five days before a scheduled hearing on March 4. *Jatoi v. Decker, Jones, McMackin, Hall & Bates*, 955 S.W.2d at 433. His client neglected to inform him about the hearing. The appellant was placed in intensive care two weeks later, making communication between the attorney and the appellant impossible. Four days before the hearing, the attorney learned of the hearing and immediately filed a motion for an extension and, later, a motion for leave to file an out-of-time response. Nevertheless, the court held that the trial court did not abuse its discretion in refusing to grant a new trial.

In *Folkes*, the court found no abuse of discretion in refusing an out-of-state appellant's motion to file an untimely response, where the appellant received a month's continuance for the summary judgment hearing and where he had over three months to file a response. *Folkes v. Del Rio Bank & Trust Co.*, 747 S.W.2d at 444.

Haynes had ample time to file a response. She had thirty-seven days, while in the cases just cited, Atkins had eighteen days, Jatoi had twenty-eight days, and Folkes had over three months. Haynes received a continuance from the first hearing, as did Atkins and Folkes. In *Jatoi*, the court found no abuse of discretion on facts more compelling than those here.

Haynes analogizes this situation to a motion for leave to file an untimely response to requested admissions.[2] She cites *Credit Car Ctr., Inc. v. Chambers*, 969 S.W.2d 459, 461 (Tex.App.—El Paso 1998, no pet.), where the defendants failed to file requested admissions because their outside counsel failed to timely forward the request to them. The attorney attrib-

---

2. In response, the City contends that Haynes has chosen to analogize to an area of law in which good cause is relatively easy to show. The City recommends that we use the standard of good cause for supplementing discov-

ery at trial. As the City observes, courts have found inadvertence of counsel alone is not good cause for allowing an untimely-disclosed witness to testify. *Sharp v. Broadway Nat'l Bank*, 784 S.W.2d 669, 672 (Tex.1990).

uted the failure in part to a change in secretaries in his office and in part to his own negligence. The court of appeals found that the trial court abused its discretion by not allowing the untimely filing because, under former Tex.R.Civ.P. 169, a party could successfully file untimely admissions by showing good cause. "Good cause," the court held, meant a showing that the party's failure to file was not intentional or in conscious disregard of its obligation to answer the request. Even a slight excuse for failure to answer will suffice.

Rule 166a(c) is different from former Rule 169 in that former Rule 169 required a showing of good cause. Neither current Rule 166a(c) nor its predecessor contains such a requirement. Nevertheless, there is authority that a showing of good cause is required under Rule 166a(c). *See Diaz v. Rankin*, 777 S.W.2d 496, 500 (Tex.App.—Corpus Christi 1989, no writ); *Rhodes v. City of Austin*, 584 S.W.2d 917, 922 (Tex. Civ.App.—Tyler 1979, writ ref'd n.r.e.).

Even measured by the standard she suggests, however, Haynes has not demonstrated good cause or that the trial court abused its discretion in failing to allow the late filing. The trial court had already continued the case at the request of her attorney. Haynes had eighteen days to file a response before the first scheduled hearing, and an additional nineteen days before the second hearing. Her attorneys could have avoided the late filing by ensuring that discharging the attorney most familiar with Haynes' case would not operate to her disadvantage.

■ Haynes also analogizes this situation to the imposition of death penalty sanctions. When a court issues sanctions, a direct relationship must exist between the offensive conduct and the sanction imposed, and the sanction must not be excessive. *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex.1991). In *TransAmerican*, the Texas Supreme Court was construing the meaning of Tex.

R.Civ.P. 215's requirement that a sanction be "just."

■ Rule 166a(c) does not envision a trial court's refusal to accept an untimely response as a death penalty sanction. In fact, the filing of a response is not even required under Rule 166a(c). The rule states that the adverse party may file a response. It cannot be a death penalty sanction to refuse to allow a party to do late what it is not required to do at all.

■ This is not to say that the failure to file a response is without consequence. If the nonmovant fails to respond to the summary judgment motion with evidence raising a fact issue that would preclude summary judgment, the nonmovant may not contend on appeal that there is a disputed issue of material fact. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). However, the trial court may not grant summary judgment by default when the movant's summary judgment proof is legally insufficient. The only ground for reversal the nonmovant may assert on appeal is the legal insufficiency of the motion for summary judgment and the supporting proof. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 339–342 (Tex.1993); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d at 678.

■ Haynes contends that the trial court should have imposed a lesser sanction that punished the attorney rather than the party. Were we to say that the trial court should punish the offending attorney while accepting the late-filed response, we would be creating a new rule that would leave the trial court without the discretion Rule 166a(c) clearly allows. We cannot say in light of the above-cited cases that the trial court in the present case abused its discretion by refusing to consider Haynes' late-filed response.

In view of our holding that the court did not abuse its discretion in failing to allow the filing of the untimely response, we need not consider Haynes' tenth through

fifteenth points of error, which contend that summary judgment was improper because genuine issues of material fact exist.

### QUALIFIED IMMUNITY

 Haynes also contends that the trial court erred in granting summary judgment and in failing to grant her motion for new trial because Labrie and Hodges failed to prove they were entitled to qualified immunity as a matter of law. Qualified immunity is an immunity from suit available to government officials sued in their individual capacities under 42 U.S.C.A. § 1983. *Gordon v. Scott*, 6 S.W.3d 365, 369 (Tex.App.—Beaumont 1999, no pet.); *Carrera v. Yepez*, 6 S.W.3d 654, 661 (Tex.App.—El Paso 1999, pet. dism'd w.o.j.); *Lewis v. Guerrero*, 978 S.W.2d 689, 693 (Tex.App.—Corpus Christi 1998, no pet.); *Bexar County v. Giroux–Daniel*, 956 S.W.2d 692, 694 (Tex. App.—San Antonio 1997, no pet.).

 Government officials performing discretionary functions have qualified immunity from liability for actions that do not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Wilson v. Layne*, 526 U.S. 603, 614, 119 S.Ct. 1692, 1699, 143 L.Ed.2d 818, 830 (1999); *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396, 410 (1982). In practice, whether an official protected by qualified immunity may be held personally liable turns on the objective legal reasonableness of the action assessed in light of clearly established legal rules at the time the action was taken. *Wilson v. Layne*, 526 U.S. at 614, 119 S.Ct. at 1699, 143 L.Ed.2d at 830. The right is clearly established if it is sufficiently clear that a reasonable official would understand that his acts violate that right. *Id.* (citing *Anderson v. Creighton*, 483 U.S. 635, 639, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523, 530 (1987)).

 Initially, Haynes contends that Labrie and Hodges failed to adequately plead qualified immunity. We find, however, that Labrie's and Hodges' amended answers adequately pleaded qualified immunity because each alleges that she was acting in good faith and within the scope of her authority.

 Haynes also contends that although Labrie's and Hodges' motions for summary judgment assert that they have qualified immunity, the cases they cite in their motions pertain to the defense of official immunity. The defenses, though similar, are distinct. Qualified immunity generally applies to claims under Section 1983; official immunity applies to state law tort claims. *See Bexar County v. Giroux–Daniel*, 956 S.W.2d at 695 n. 4; *Hudson v. Vasquez*, 941 S.W.2d 334, 338 (Tex.App.—Corpus Christi 1997, no writ); *Robinett v. Carlisle*, 928 S.W.2d 623, 625 (Tex.App.—Fort Worth 1996, writ denied).

We construe Labrie's and Hodges' motions as pleading the defense of qualified immunity. Their motions asserted their immunity defense in the same form and citing the same cases. Haynes brought most of her claims under Section 1983; in fact, the only state law tort claim she alleged is the negligent supervision claim against Hodges. Consequently, official immunity would have aided Hodges only on a single claim and would not have aided Labrie at all because she was not sued under state tort law. Further, there is no indication that the trial court relied on Labrie's and Hodges' citations of law in granting summary judgment.

 When a defendant pleads qualified immunity to a Section 1983 claim and shows she is a governmental official whose position involves the exercise of discretion, the plaintiff then has the burden to rebut the defense. *Carrera v. Yepez*, 6 S.W.3d at 661; *Montana v. Patterson*, 894 S.W.2d 812, 816 (Tex.App.—Tyler 1994, no writ); *Thomas v. Collins*, 860 S.W.2d 500, 503 (Tex.App.—Houston [1st Dist.] 1993, writ denied); *see also Pierce v. Smith*, 117 F.3d 866, 872 (5th Cir.1997); *Salas v. Carpen-*

*ter,* 980 F.2d 299, 306 (5th Cir.1992). The plaintiff must show that (1) the official's conduct violated a federally guaranteed right, (2) the right was clearly established, and (3) the official's conduct was objectively unreasonable in light of the clearly established right. *Carrera v. Yepez,* 6 S.W.3d at 661; *Montana v. Patterson,* 894 S.W.2d at 816; *Thomas v. Collins,* 860 S.W.2d at 503; *see also Pierce v. Smith,* 117 F.3d at 872; *Salas v. Carpenter,* 980 F.2d at 306.

■ Haynes contends that summary judgment was improper on this basis because Labrie and Hodges failed to present any argument or authority that the rights at issue were not clearly established, or that their conduct was objectively reasonable. However, as stated above, the burden was on Haynes to demonstrate that Labrie and Hodges were not entitled to the qualified immunity defense. She failed to do this when she failed to file a timely response to their motions for summary judgment. The trial court was therefore authorized to grant summary judgment to Labrie and Hodges in their individual capacities on Haynes' claims under Section 1983.

■ Haynes contends that her *petition* alleges facts with sufficient specificity to overcome Labrie's and Hodges' qualified immunity defense. In *Schultea v. Wood,* 47 F.3d 1427, 1432–33 (5th Cir.1995), the Fifth Circuit altered its heightened pleading requirement in cases involving qualified immunity. The court had required that complaints in such cases be pleaded with "factual detail and particularity." *Id.* at 1430 (quoting *Elliott v. Perez,* 751 F.2d 1472, 1473 (5th Cir.1985)). In *Schultea,* the court gave district courts discretion to require the plaintiff to file a reply tailored to the assertion of qualified immunity when the defendant raises a qualified immunity defense. *Id.* at 1433. Regardless of the pleading rules in federal courts, in Texas the facts alleged in the plaintiff's pleadings do not constitute competent summary judgment evidence. *See City of*

*Houston v. Clear Creek Basin Auth.,* 589 S.W.2d at 678.

■ The City contends that if its employees did not violate Haynes' rights under Section 1983, then it likewise cannot be held liable under Section 1983. We do not address this contention because the City did not raise the issue in its motion for summary judgment in the trial court.

## GOVERNMENTAL IMMUNITY

■ Labrie and Hodges contend they are not liable for actual or punitive damages in their official capacities because they qualify for governmental immunity. They made the same assertion in substantially the same form in their motions for summary judgment. We do not know whether the trial court granted summary judgment on this basis; however, we find the contention improperly briefed before this Court. Their argument consists of a single assertion accompanied by citations to three cases, *Kentucky v. Graham,* 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985), *Brandon v. Holt,* 469 U.S. 464, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985), and *Colvin v. McDougall,* 62 F.3d 1316, 1317 (11th Cir.1995). It does not contain supporting argument demonstrating how these three cases should govern our decision. Indeed, it is not immediately apparent from these cases what the governing rule is when the governmental immunity defense is raised. None of these authorities addresses the governmental immunity defense raised by Labrie and Hodges in the trial court. Because Labrie and Hodges fail to demonstrate how this defense applies, we will not consider their contention that governmental immunity was a proper basis for granting summary judgment.

## SECTION 1983 CLAIMS

■ Anticipating our holding under issue five—that the trial court did not err in refusing to consider Haynes' late-filed response—Haynes contends the trial court's grant of summary judgment on these

claims is improper. The only ground for reversal Haynes may now assert on appeal, however, is the legal insufficiency of the motion for summary judgment and the supporting proof. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d at 339–42; *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d at 678.

The motions for summary judgment attacked the evidentiary basis only of Haynes' federal law claims made pursuant to Section 1983. Therefore, we will limit our review to the evidence of these claims.

■■■■■ Under Section 1983, a city may be treated as a person and may be held liable for the deprivation of a citizen's federal rights. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690, 98 S.Ct. 2018, 2035–36, 56 L.Ed.2d 611, 635 (1978); *Brooks v. Ctr. for Healthcare Servs.*, 981 S.W.2d 279, 284 (Tex.App.—San Antonio 1998, no pet.). However, a city may be successfully sued directly only if the action alleged to violate the plaintiff's federal rights implements a decision officially adopted and promulgated by the city's officers. *Monell v. Dep't of Social Servs.*, 436 U.S. at 694, 98 S.Ct. at 2037–38. A city is not liable merely because it employs a tortfeasor. As the United States Supreme Court recently stated, "it is not enough for a § 1983 plaintiff merely to identify conduct attributable to the municipality. The plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged." *Bryan County Comm'rs v. Brown*, 520 U.S. 397, 404, 117 S.Ct. 1382, 1388, 137 L.Ed.2d 626, 639 (1997).

■■■ The initial analysis in any Section 1983 action is whether the two essential elements under that section are present. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420, 430 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327, 330, 106 S.Ct. 662, 664, 88 L.Ed.2d 662 (1986). These elements are: (1) the conduct complained of was committed by a person act-

ing under color of state law and (2) the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or the laws of the United States. *Id.* (citing *Baker v. McCollan*, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)).

The parties do not contest Haynes' position that the acts on which the suit is based were made under color of state law, so that issue is not before us. The further questions are (1) whether her allegations are not based on conduct that deprived her of rights, privileges, or immunities secured by the Constitution or the laws of the United States, or (2) whether there is uncontroverted summary judgment proof disproving some element of her allegations, thus conclusively disproving the existence of wrongful conduct.

Appellees have directed us to summary judgment evidence they allege shows (1) that Haynes' application for maternity leave under the FMLA was approved; (2) that Haynes made numerous trips to her doctor during working hours with Labrie's approval; (3) that Haynes took nine weeks of maternity leave with appellees' approval; and (4) that Haynes had never been cleared by her doctors to return to work on an interim basis. This evidence, they allege, demonstrates that they afforded Haynes the benefits to which she was entitled under the FMLA.

Even if this is true, it does not disprove Haynes' allegation that she was terminated for asserting her rights under the FMLA. In short, appellees could have granted her the leave she requested under the FMLA, but then punished her for requesting it and taking it. On that issue, their summary judgment evidence shows (1) that Bob Foster, an investigator with the Department of Labor whose duty was to investigate and determine whether violations of the FMLA existed, did not find any violations; (2) that the Equal Employment Opportunity Commission (EEOC) and the Texas Commission on Human Rights did not find evidence of harassment; (3) that Labrie's affidavit states

that Haynes was fired because of her unacceptable behavior; and (4) that Hodges' affidavit states that she fired Haynes because of Haynes' behavior.

This evidence does not conclusively disprove Haynes' allegations. Haynes stated in her deposition that Foster had not investigated the situation and believed the City was "blowing smoke." Further, at most Haynes stated in her deposition that the EEOC and the Commission on Human Rights had not found evidence of harassment, but she did not state whether they found any evidence that she was terminated for asserting her rights under the FMLA. She also stated that neither the EEOC nor the Commission had investigated the situation.

▇▇▇▇ As to Labrie's and Hodges' affidavits, Haynes contends they are not notarized and therefore are incompetent summary judgment proof. However, she did not object to this defect of form, so it is waived. Tex.R.Civ.P. 166a(f). Haynes also contends that these affidavits state mere conclusions. An objection that an affidavit is conclusory is an objection to the substance of the affidavit that can be raised for the first time on appeal. *Green v. Indus. Specialty Contractors, Inc.*, 1 S.W.3d 126, 130 (Tex.App.—Houston [1st Dist.] 1999, no pet.). An affidavit of an interested party may serve as competent summary judgment proof so long as such affidavit evidence is clear, positive, direct, credible, free from contradiction, and susceptible of being readily controverted. *Gordon v. Western Steel Co.*, 950 S.W.2d 743, 749 (Tex.App.—Corpus Christi 1997, pet. denied). Conclusory statements in affidavits are not competent evidence to support a summary judgment. A conclusory statement is one that does not provide the underlying facts to support the conclusion. *Dolcefino v. Randolph*, 19 S.W.3d 906, 930 (Tex.App.—Houston [14th Dist.] 2000, no pet. h.) (quoting *Rizkallah v. Conner*, 952 S.W.2d 580, 587 (Tex.App.—Houston [1st Dist.] 1997, no pet.)).

Both affidavits make self-serving, conclusory statements without any underlying factual detail. Hodges' affidavit states that she decided to fire Haynes "on November 30, 1994 because of her poor and unacceptable behavior to Paula Labrie" and that she based her decision primarily on Labrie's recommendation and her own observation of Haynes on November 29 and 30. Labrie's affidavit states that Hodges terminated Haynes on Labrie's recommendation, that she believed Haynes was terminated for poor and unacceptable behavior, and that Haynes was not terminated for her exercise of her free speech rights. Neither affidavit gives examples of Haynes' poor and unacceptable behavior. Consequently, they are not readily controvertible.

▇▇▇▇ Haynes also contends that her right to free speech guaranteed by the United States Constitution was infringed because she was terminated for exercising that right. In order to establish such a claim Haynes must show that (1) she suffered an adverse employment decision; (2) her speech involved a matter of public concern; (3) her interest in commenting on matters of public concern outweighs the defendants' interest in promoting efficiency, and (4) her speech was a motivating factor in the defendants' decision. *Harris v. Victoria Indep. Sch. Dist.*, 168 F.3d 216, 220 (5th Cir.1999).

▇▇▇▇ The First Amendment protects speech by an employee commenting as a citizen on a matter of public concern. *Connick v. Myers*, 461 U.S. 138, 147, 103 S.Ct. 1684, 1690, 75 L.Ed.2d 708, 720 (1983). Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the whole record. *Connick v. Myers*, 461 U.S. at 147–48, 103 S.Ct. at 1690; *Upton County, Texas v. Brown*, 960 S.W.2d 808, 814 (Tex.App.—El Paso 1997, no pet.).

▇▇▇▇ Appellees sought summary judgment on this claim based solely on

their position that Haynes' speech did not involve a matter of public concern. Haynes informed federal authorities of her employer's and supervisors' alleged violations. Thus, she reported alleged misbehavior to higher authorities, and there is evidence from which a jury might conclude that she was terminated for those acts. We are to determine *de novo* from the entire record whether that kind of speech is protected. *Rankin v. McPherson*, 483 U.S. 378, 386 n. 9, 107 S.Ct. 2891, 2898 n. 9, 97 L.Ed.2d 315, 325 n. 9 (1987). The basis for awarding constitutional protection to private speech on the part of employees of a governmental agency is to allow the employees to participate freely in public affairs and avoid chilling their use of speech that the employer might find objectionable. *Pickering v. Bd. of Educ.*, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968). When a public employee speaks not as a citizen but as an employee on a matter of personal interest, constitutionally protected speech is not involved. *Connick v. Myers*, 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708. In determining whether the speech is protected, we focus not on the inherent importance of the matter discussed, but whether the speech was made primarily in the plaintiff's role as a citizen or primarily in her role as an employee. *Terrell v. Univ. of Texas Sys. Police*, 792 F.2d 1360 (5th Cir.1986). The mere fact that the subject of the speech is one in which the public may have a great interest is not controlling. *Id.* at 1362. As said by the United States Supreme Court in *Connick*, "To presume that all matters which transpire within a government office are of public concern would mean that virtually every remark—and certainly every criticism directed at a public official—would plant the seed of a constitutional case." *Connick v. Myers*, 461 U.S. at 149, 103 S.Ct. at 1691. We find that Haynes' speech in this regard did not involve a matter of public concern. Haynes spoke only about a private grievance against her employer. Although her complaints involved alleged violations of the Family and Medical Leave Act, they related only to her private treatment and did not implicate any general policy consideration of public concern. Thus, we find that summary judgment on this issue was proper.

 Haynes also contends that she was deprived of due process in the loss of her property interest in her job and in the procedures regarding termination of city employees. Appellees respond that Haynes was employed at-will and could be summarily terminated regardless of the reason. The long-standing rule in Texas is that employment relationships are terminable at any time by either party, with or without cause, unless there is an express agreement to the contrary. *Fed. Express Corp. v. Dutschmann*, 846 S.W.2d 282, 283 (Tex.1993); *Curtis v. Ziff Energy Group, Ltd.*, 12 S.W.3d 114, 117 (Tex.App.—Houston [14th Dist.] 1999, no pet.).

Haynes' contentions are based on the City's employee handbook, which provides a detailed disciplinary regimen for termination of employees. The handbook does not, however, expressly create a contract or a protected interest in continued employment. Instead, it grants discretion to department heads and final authority to the City Manager. This kind of language does not expressly, clearly, and specifically modify the at-will employment status of city employees. *Byars v. City of Austin*, 910 S.W.2d 520, 524 (Tex.App.—Austin 1995, writ denied).

 The existence of a grievance procedure for employee complaints has been held not to alter the at-will nature of employment. *Byars v. City of Austin*, 910 S.W.2d at 524; *Renken v. Harris County*, 808 S.W.2d 222, 225 (Tex.App.—Houston [14th Dist.] 1991, no writ); *see also Evans v. City of Dallas*, 861 F.2d 846, 850 (5th Cir.1988). In fact, the City's manual explicitly states in its introduction that the policies do not create a contract or limit the City's power to terminate an employee in any way. Because the existence of

grievance procedures alone does not create substantive property rights or alter an employee's at-will status, the City conclusively proved that Haynes had no protected property interest in her employment that would entitle her to more procedural protection than she received. *Byars v. City of Austin*, 910 S.W.2d at 524; *see also Montgomery County Hosp. Dist. v. Brown*, 965 S.W.2d 501, 503 (Tex.1998). There is no summary judgment evidence to the contrary. Therefore, no issue of material fact has been raised in this context, and summary judgment was appropriate on this claim.

FMLA CLAIM

Haynes also contends that the trial court erred in granting summary judgment on her claims under Section 1983 for violations of the FMLA because appellees presented no argument, authority, or evidence in their motions for summary judgment addressing these claims.

We begin by noting that Haynes' petition is not a model of clarity concerning her claims under the FMLA. In fact, under Section IV of her petition, titled "Causes of Action," she does not specifically allege that she was deprived of her rights under the FMLA.

■ The purpose of pleadings is to give fair and adequate notice of the facts on which the pleader bases her claim. TEX.R.CIV.P. 45, 47; *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex.1982). We also must construe pleadings liberally in favor of the pleader if special exceptions have not been filed. *Stone v. Lawyers Title Ins. Corp.*, 554 S.W.2d 183, 186 (Tex.1977). Defects in pleadings not excepted to are waived. TEX.R.CIV.P. 90.

■ Appellees did not file special exceptions to Haynes' petition in the trial court. However, one who is sued on specific theories of recovery is not required to except to the petition and ask whether there are other theories that the pleader wants to allege. *Porterfield v. Galen*

*Hosp. Corp.*, 948 S.W.2d 916, 920 (Tex. App.—San Antonio 1997, writ denied); *Roberts v. Southwest Texas Methodist Hosp.*, 811 S.W.2d 141, 145 (Tex.App.—San Antonio 1991, writ denied).

■ Haynes' claims under the FMLA are arguably indistinguishable from her other causes of action. Yet, appellees do not contend on appeal that Haynes' petition failed to raise a cause of action for violations of the FMLA. Faced with appellees' silence on this point in both the trial court and on appeal, we review Haynes' petition deferentially. Construing Haynes' petition liberally, we find that the facts she alleges in Section III could raise a cause of action for violations of the FMLA. Under 29 U.S.C.A. § 2615(a)(1) (West 1999), "It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." The facts in Haynes' petition allege that appellees pressured her into forgoing her rights under the FMLA and punished her when she asserted those rights.

■ We now turn to Haynes' contention that appellees' motions for summary judgment do not contain argument concerning her FMLA claim. A court may not properly grant summary judgment on a ground not expressly set out in the motion for summary judgment. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d at 339–342; *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d at 677.

■ Here, also, we note that appellees' motions for summary judgment are not models of clarity concerning their responses to Haynes' claims under the FMLA. Specifically, each motion contains a separate section rebutting the specific causes of action raised by Haynes in Section IV of her petition, but there is no separate section addressing Haynes' claims under the FMLA. However, their motions also allege facts, with corresponding citations to their summary judgment evidence, demon-

strating their compliance with Haynes' rights under the FMLA. The question is whether these facts, unaccompanied by argument showing why they are entitled to summary judgment on the FMLA claim, are sufficient to constitute a ground for summary judgment. We hold they are not.

■ The motion for summary judgment must itself state specific grounds on which judgment is sought and must stand or fall on the grounds it specifically sets forth. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d at 339.

In *Lochabay v. Southwestern Bell Media, Inc.*, 828 S.W.2d 167, 170 (Tex.App.—Austin 1992, no writ), the appellee moved for summary judgment on the appellant's counterclaim on the grounds that "[Appellant's] counterclaim citing [appellee's] use of deceptive trade practices is wholly unsupported by legal authority. [Appellant] [also] claims a breach of [appellee's] alleged duty to advise and warn as to the advertisement's effectiveness; however, no such implied duty exists under Texas law." The court of appeals found appellee's grounds were stated broadly but expressly. The court also found that the appellant waived any complaint by failing to object to the motion for summary judgment for lack of specificity.

In *Conquistador Petroleum, Inc. v. Chatham*, 899 S.W.2d 439, 442 (Tex.App.—Eastland 1995, writ denied), the appellee's motion for summary judgment stated its grounds as "the affirmative defense of unenforceability pursuant to the Rule Against Perpetuities." The court of appeals held that, in the absence of a special exception, the motion sufficiently set forth the ground on which summary judgment was sought.

Here, appellees' motions do not contain specific contentions that they are entitled to summary judgment on Haynes' FMLA claim. In contrast, the motions clearly allege facts and argument as grounds for summary judgment on Haynes' other claims.

■ Arguably, Haynes should have been required to file special exceptions to their motions, as the *Lochabay* and *Conquistador* courts suggest. However, when the motion for summary judgment clearly presents certain grounds but not others, a nonmovant is not required to except. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d at 339; *Roberts v. Southwest Texas Methodist Hosp.*, 811 S.W.2d at 145–46. We therefore hold that the trial court erred in granting appellees' motions for summary judgment concerning Haynes' claims under Section 1983 for violations of the FMLA.

### NEGLIGENT SUPERVISION

■ In her third and fourth points of error, Haynes contends that the trial court erred in granting summary judgment and in failing to grant her motion for new trial regarding her claim of negligent supervision against Hodges, because Hodges failed to present any argument, authority, or evidence in her motion for summary judgment addressing this claim. In her petition, Haynes claimed that Hodges had actual and constructive knowledge of Labrie's harassment and denial of Haynes' rights under the FMLA.

Hodges contends that Haynes failed to allege specific facts concerning which rights under the FMLA Labrie violated. She also contends that her summary judgment evidence shows that she only supervised Labrie for fourteen days before Haynes went on maternity leave. The evidence also shows, she contends, that she terminated Haynes based on specific problems she observed when Haynes returned to work from maternity leave. Finally, Hodges contends that a supervisor cannot be sued under a theory of *respondeat superior* under Section 1983.

Even if all of the above is correct, these arguments were not before the trial court when it granted the motion for summary

judgment. Therefore, the trial court erred in granting summary judgment and in failing to grant Haynes' motion for new trial regarding her claim of negligent supervision against Hodges.

TEXAS CONSTITUTIONAL CLAIMS

Haynes next contends that the trial court erred in granting summary judgment and denying her motion for new trial regarding her causes of action under the Texas Constitution. In her petition, she contended that the appellees retaliated against her for engaging in speech of public concern, specifically the proper interpretation of the FMLA. She also contended that, without due course of law, she was deprived of her property interests in her job, in the City's established procedures regarding termination, and in the proper application of the FMLA. These actions, she maintained, violated her rights under TEX. CONST. art. I, §§ 8, 19.[3]

In their motions for summary judgment, appellees contended that Texas law does not provide a private right of action for damages arising under Article I, § 8, nor a common law cause of action for damages to enforce constitutional rights in general. On appeal, Haynes asserts that Texas law does provide for equitable relief for violations of constitutional rights. She maintains that she pleaded for equitable relief in the form of declaratory and injunctive relief, including reinstatement with back pay and benefits. She also pleaded that appellees be enjoined from depriving her of her constitutional rights.

Appellees contend that even if Texas law allows equitable relief for constitutional claims, Haynes would still need to demonstrate an underlying violation of her constitutional rights. While undoubtedly true,

that is not the basis on which either the City or Labrie and Hodges moved for summary judgment.

■ Texas recognizes neither an implied private right of action nor a common law cause of action for damages. *City of Beaumont v. Bouillion,* 896 S.W.2d 143, 149–50 (Tex.1995). However, equitable remedies for violation of constitutional rights may be enforced. *Id.* at 149. Though the holding in *Bouillion* applied only to claims under Article I, § 8, other courts have extended its reasoning to apply to claims under Article I, § 19. *O'Bryant v. City of Midland,* 949 S.W.2d 406, 413 (Tex.App.—Austin 1997), *aff'd in part and rev'd in part on other grounds,* 18 S.W.3d 209 (Tex.2000); *Univ. of Texas Sys. v. Courtney,* 946 S.W.2d 464, 468 (Tex.App.—Fort Worth 1997, writ denied); *see also Vincent v. W. Texas State Univ.,* 895 S.W.2d 469, 475 (Tex.App.—Amarillo 1995, no writ).

■ Whether reinstatement and back pay are recognized equitable remedies has been addressed by Texas courts. In *O'Bryant,* the court of appeals characterized a request for back pay to remedy a constitutional violation as an action at law rather than in equity. *Id.; see also Jackson v. Houston Indep. Sch. Dist.,* 994 S.W.2d 396, 400 (Tex.App.—Houston [14th Dist.] 1999, no pet.). In that case, the appellants were seeking money because they were prevented from conferring a benefit, rather than as compensation for services rendered or to prevent unjust enrichment. *Id.* at 414. That reasoning is analogous to the present case, and we hold that granting summary judgment was appropriate to the extent that Haynes requested money damages, including back pay.

---

**3.** TEX. CONST. art. I, § 8 states:
Every person shall be at liberty to speak, write or publish his opinions on any subject, being responsible for the abuse of that privilege; and no law shall ever be passed curtailing the liberty of speech or of the press.

TEX. CONST. art. I, § 19 states:
No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land.

The *O'Bryant* court also held that reinstatement is an equitable remedy *per se.* On appeal to the Texas Supreme Court, the appellants did not challenge that holding, but contended that they could not reinstate the appellee. *City of Midland v. O'Bryant,* 18 S.W.3d at 218. The Supreme Court held that appellants had not raised the issue in their motion for summary judgment and reversed the trial court's decision to grant summary judgment.

■■■ The posture of the present case is similar to what confronted the Supreme Court. Appellees did not contend in their motions for summary judgment or on appeal that reinstatement is not a proper equitable remedy. We therefore hold that the trial court erred in granting summary judgment on Haynes' Texas Constitutional claims because she requested reinstatement and other equitable remedies.

For the reasons stated, we affirm the judgment for the City, and for Hodges and Labrie on all causes of action except the claim against the City, and Labrie and Hodges in their official capacities for violations under Section 1983 of the FMLA, the claim against Hodges for negligent supervision, and the claim against the City, Labrie, and Hodges for equitable relief from violations of the Texas Constitution. Those portions of the judgment are severed, and are reversed and remanded to the trial court for trial.