02-09-255-CV 















 
 
 
 
 
 
 




 

 

 

 

 

 

                                                COURT OF APPEALS

                                                 SECOND DISTRICT
OF TEXAS

                                                                FORT
WORTH

 

                                              NO.
 02-09-00255-CV

 

ADRIANNA RUIZ TAYLOR                                                                 APPELLANT

 

                                                             V.

 

ERIC DA=VELL
TAYLOR                                                                       APPELLEE

 

                                                       ------------

 

                FROM
THE 30TH DISTRICT COURT OF WICHITA COUNTY

 

                                                       ------------

 

                                      OPINION ON REHEARING

 

                                                       ------------

We have considered
Appellee=s motion for
reconsideration en banc of our opinion issued September 16, 2010.  We deny the motion, but we withdraw our
September 16, 2010 opinion and judgment and substitute the following.

I.  Introduction

Appellant Adrianna
Ruiz Taylor appeals from a July 1, 2009 final decree of divorce.  Adrianna contends in two issues that the
trial court erred by refusing to hear evidence concerning retroactive child
support because Appellee Eric Da=Vell Taylor had fair
notice of her request for retroactive child support and because Eric did not
specially except to her failure to specifically plead for retroactive child
support.  We reverse and remand.

II. 
Factual and Procedural Background

Adrianna and Eric
were married on August 31, 1997, and had one child.  Eric filed a petition for divorce on April 10,
2008, and sought Aorders for conservatorship and support of
the child@ in the event that he and Adrianna could
not reach an agreement on those matters. 
Adrianna filed a petition for divorce on April 24, 2008.  In her original petition, Adrianna requested
that Eric Abe ordered to make payments for the
support of the child@ and that the trial court enter a
temporary order requiring Eric to pay Achild support . .
. while this case is pending.@  The trial court consolidated the two cases on
May 13, 2008.

On May 7, 2009,
Eric=s counsel
announced to the trial court that the parties had Areached an
agreement on all issues pertaining to the division of property, assignment of
liabilities, current child support, health insurance, conservatorship, rights,
duties, and responsibilities.@  Eric=s counsel also
stated, AThere=s an issue that
[Adrianna=s counsel] reserves to litigate later
after we do the prove up.@  Eric and Adrianna each then testified to
their agreement, and Adrianna testified that she was reserving the issue of
retroactive child support.

Following the parties= prove-up of their
agreement, the trial court stated to Adrianna=s counsel, AAnd you indicated,
Ms. Lucking, the remaining issue is retroactive support.@  Eric=s counsel then
objected to any evidence concerning retroactive child support because Adrianna
did not specifically plead for retroactive child support.  After hearing argument, the trial court
sustained the objection and stated, AI=m going to
overrule the request for retroactive child support.  I find that it has to be pled in the face of
an objection and it has not been pled.@

On May 26, 2009,
Adrianna filed a motion to reconsider the trial court=s ruling
concerning retroactive child support, and the trial court conducted a hearing
on July 1, 2009.  At the conclusion of
the hearing, the trial court stated, AThe court finds that
the request for retroactive support must be specifically pleaded, and that
special exception was not required.@  The trial court then denied the motion to
reconsider and signed the final decree of divorce.  Adrianna timely filed her notice of this
appeal.

III. 
Standard of Review

To determine
whether a trial court abused its discretion, we must decide whether the trial
court acted without reference to any guiding rules or principles; in other
words, we must decide whether the act was arbitrary or unreasonable.  Low v. Henry, 221
S.W.3d 609, 614 (Tex. 2007); Cire v. Cummings,
134 S.W.3d 835, 838B39 (Tex. 2004).  An appellate court cannot conclude that a
trial court abused its discretion merely because the appellate court would have
ruled differently in the same circumstances. 
E.I. du Pont de Nemours & Co. v. Robinson, 923 S.W.2d 549,
558 (Tex. 1995); see Low, 221 S.W.3d at 620.  However, a trial court=s erroneous legal
conclusion, even in an unsettled area of law, is an abuse of discretion.  Perry v. Del Rio, 66 S.W.3d 239, 257
(Tex. 2001) (orig. proceeding); Huie v. DeShazo, 922 S.W.2d 920, 927B28 (Tex. 1996)
(orig. proceeding).

IV. 
Analysis

Adrianna contends
in her first issue that the trial court erred by refusing to hear evidence
concerning retroactive child support because her pleadings gave Eric fair notice
that she sought retroactive child support from the date of separation through
the date of judgment or, alternatively, from the date of her original petition
through the date of judgment.  In her
second issue, Adrianna argues that Eric waived any complaint concerning the
sufficiency of her pleading for retroactive child support by failing to
specially except.

Texas follows a Afair notice@ standard for
pleading.  Horizon/CMS Healthcare
Corp. v. Auld, 34 S.W.3d 887, 896 (Tex. 2000); see Tex. R.  Civ. P. 45. 
Generally, a pleading provides fair notice of a claim when an opposing
attorney of reasonable competence can examine the pleadings and ascertain the
nature and basic issues of the controversy and the relevant testimony.  Auld, 34 S.W.3d at 896.  In the absence of special exceptions, the
petition should be construed liberally in favor of the pleader.  Id. at 897; Boyles v. Kerr, 855
S.W.2d 593, 601 (Tex. 1993) (op. on reh=g); see also
London v. London, 192 S.W.3d 6, 13 (Tex. App.CHouston [14th
Dist.] 2005, pet. denied) (reviewing husband=s pleadings
liberally in his favor in determining sufficiency of pleading relating to
modification and offset to child support payments, including retroactive child
support payments, in the absence of sustained special exceptions to husband=s pleadings); Van
Buren v. McMillen, No. 14-03-00928-CV, 2004 WL 1898799, at *2 (Tex. App.CHouston [14th
Dist.] Aug. 26, 2004, no pet.) (mem. op.) (rejecting
contention that retroactive child support award was not supported by pleadings
and construing pleadings liberally in pleader=s favor in absence
of special exceptions); In re S.L.M., 97 S.W.3d 224, 232B33 (Tex. App.CAmarillo 2002, no
pet.) (holding that pleadings, in absence of special
exceptions, sufficiently raised retroactive child support but reversing in part
because trial court=s order awarded retroactive child support
for improper dates).

Here, Adrianna=s original
petition requested that Eric Abe ordered to make
payments for the support of the child@ and further
sought a temporary order for Achild support . .
. while this case is pending.@  This pleading provided Eric with fair notice
of Adrianna=s request for child support during the
pendency of the case.  See Auld, 34 S.W.3d at 896.  And
there can be no dispute that Eric had specific notice that Adrianna sought
retroactive child support.  See
Martinez v. Martinez, 61 S.W.3d 589, 590B91 (Tex. App.CSan Antonio 2001, no pet.) (ASpecific notice
is required when retroactive child support is being sought.@ (quoting In re
J.G.Z., 963 S.W.2d 144, 148 (Tex. App.CTexarkana 1998, no
pet.))).  The parties announced to the
trial court that they had agreed to all issues concerning Adivision of
property, assignment of liabilities, current child support, health insurance,
conservatorship, rights, duties, and responsibilities@ and that Adrianna
had reserved the issue of retroactive child support to be litigated after the
parties testified about the matters to which they agreed. Although Aone who is sued on specific theories of recovery is not required to
except to the petition and ask whether there are other theories that the
pleader wants to allege,@ Haynes v. City of Beaumont, 35
S.W.3d 166, 180 (Tex. App.CTexarkana 2000, no
pet.), Adrianna=s petition sought an order for child
support and requested a temporary order for child support during the pendency
of the case, and Eric had specific notice that Adrianna was reserving the issue
of retroactive child support for trial.[1]  Thus, the trial court abused its discretion
by refusing to hear evidence concerning child support from the date of Adrianna=s original
petition through the date of judgment. 
Therefore, we sustain the part of Adrianna=s first issue
concerning retroactive child support from the date of her original petition
through judgment.

In the remainder
of her first issue, Adrianna contends that the trial court abused its
discretion by refusing to hear evidence concerning child support from the date
of separation through the date of her original petition, but Adrianna=s petition does
not mention or even refer to a request for child support for that period of
time.  In her second issue, and relying
on Van Buren, 2004 WL 1898799, at *2, Adrianna argues that Eric waived
any complaint concerning the sufficiency of her pleading by failing to
specially except.  In Van Buren,
however, the pleading at issue requested Athat any increase
in [child support] be made retroactive to the earlier of the time of service
[of] citation on [Van Buren] on the original motion or the appearance of [Van
Buren] in this modification action.@  Id. 
The court stated in dicta[2]
that this pleading was sufficient to constitute a request for retroactive child
support.  Id.  But Adrianna=s only relevant
requests for child support are that Eric Abe ordered to make
payments for the support of the child@ and that the
trial court should make a temporary order requiring Eric to pay Achild support,
health insurance premiums for coverage on the child, and 50 percent of the
child=s uninsured medical
expenses while this case is pending.@  Nothing in her pleading
even hints that she sought child support for dates prior to the date of her
original petition.

Eric was Anot required to
except to the petition and ask whether there are other theories that [Adrianna]
want[ed] to allege.@  Haynes, 35 S.W.3d at 180.  Thus, while Adrianna=s petition
provided Eric with fair notice of her request for child support during the
pendency of the case, nothing in Adrianna=s petition
suggests that she sought child support from the date of separation through the
date she filed her original petition. 
Requiring Eric to specially except to Adrianna=s petition to
determine whether Adrianna sought child support prior to the date of her
original petition would be akin to requiring a defendant to specially except to
a plaintiff=s pleading because other theories or
causes of action are available but not included in the plaintiff=s pleading.  We hold that Adrianna=s original
petition did not provide Eric with fair notice of her request for retroactive
child support from the date of separation through the date of Adrianna=s original
petition and that Eric did not waive his complaint concerning the sufficiency
of Adrianna=s pleading for retroactive child support
from the date of separation through the date of her original petition by
failing to specially except.  Therefore,
we overrule the remainder of Adrianna=s first issue and
all of her second issue.

V.  Conclusion

Having sustained
Adrianna=s first issue in part,
having overruled the remainder of her first issue, and having overruled her
second issue, we reverse the trial court=s judgment and
remand this case to the trial court for further proceedings consistent with
this opinion.

 

 

ANNE GARDNER

JUSTICE

 

PANEL: 
LIVINGSTON, C.J.; GARDNER and WALKER, JJ.

 

DELIVERED:  February
24, 2011











[1]Moreover, we note that Eric does
not dispute that he is the child=s father, that he did not have custody of the child after
he and Adrianna separated, or that he did not pay child support pending the
outcome of the divorce proceeding.





[2]The Van Buren court=s statements concerning the
sufficiency of the pleading are dicta because the court had previously held
that Van Buren had waived any complaint concerning the sufficiency of the
petition by failing to file special exceptions.  Id.