

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00320-CV

PIONEER LAND & CATTLE CO., APPELLANT

V.

LEANNE FARRELL COLLIER, APPELLEE

On Appeal from the 72nd District Court
Lubbock County, Texas
Trial Court No. 2009-547,798, Honorable Don Emerson, Presiding

MAY 15, 2013

## CONCURRING OPINION

## Before CAMPBELL and HANCOCK and PIRTLE, JJ.

The majority's opinion is premised, in large part, on the conclusion that the trial court did not err in finding that Pioneer Land & Cattle Co. failed to present any competent summary judgment evidence of its ownership of four horses awarded to Leanne Farrell Collier in a prior divorce proceeding. Specifically, the majority finds that the affidavit of Greg Collier, offered by Pioneer in response to Leanne's traditional and no-evidence motions for summary judgment, is conclusory and, therefore, does not raise a material question of fact concerning whether Pioneer owned those horses. *See*

*Pioneer Land & Cattle Co. v. Collier*, No. 07-12-00320-CV, slip op. at 10-11, (Tex.App.—Amarillo May 15, 2013, *available at* *http://www.search.txcourts.gov/DocketSrch.aspx?coa=coa07*). *See also Rizkallah v. Conner*, 952 S.W.2d 580, 587 (Tex.App.—Houston [1st Dist.] 1997, no pet.) (holding that an affidavit that states only legal or factual conclusions is conclusory and not proper summary judgment evidence). While I concur in the ultimate disposition of this appeal, I write separately to express my opinion that Greg's affidavit is not conclusory as to this issue.

Greg's affidavit states that, as President and Custodian of Records of Pioneer, he has personal knowledge of the facts set forth in that affidavit. He further states that "Pioneer purchased, in its name and with its funds . . . the registered Quarter Horses known as Sea (nickname "Johnny Cash"), S I Ripcord . . . , V L M Imadriftertoo (nickname "nugget") . . . [and that] Pioneer never sold or transferred in any way any [of the horses] stated above."[1]

Conclusory statements contained in affidavits are not proper summary judgment evidence. *See* TEX R. CIV. P. 166a(f) (supporting affidavit must set forth such facts as would be admissible in evidence). *See also Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996) (holding that a conclusory statement is not sufficient to raise a fact issue). To avoid being conclusory, the affidavit of an interested party must be "clear, positive, direct, credible, free from contradiction, and susceptible of being readily

---

[1]The affidavit makes no mention of Ciderwood Whiskey, the fourth horse awarded to Leanne in the divorce proceeding.

controverted." *Haynes v. City of Beaumont*, 35 S.W.3d 166, 178 (Tex.App.—Texarkana 2000, no pet.).

Here, Greg's affidavit is clear, positive, and direct - Pioneer acquired ownership of the horses in question by purchase and never transferred them. It is based on the personal knowledge of Pioneer's President and records custodian; and, it is susceptible of being readily controverted. In fact, Leanne controverts the issue of transfer by contending that Pioneer was in *privity* with Greg throughout the divorce proceeding and is therefore bound by the trial court's award of those horses to her. While Greg's affidavit could have been more detailed, it was not conclusory.

Otherwise, agreeing with the majority's decision to affirm, I concur.

Patrick A. Pirtle
Justice