**Affirmed and Opinion Filed November 4, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01076-CV

### RICK MILTEER, Appellant
### V.
### THE UNIVERSITY OF TEXAS AT DALLAS, Appellee

### On Appeal from the 429th Judicial District Court
### Collin County, Texas
### Trial Court Cause No. 429-02486-2012

## MEMORANDUM OPINION
Before Justices Bridges, Lang, and Evans
Opinion by Justice Bridges

Rick Milteer appeals the trial court's summary judgment entered in favor of the University of Texas at Dallas (UTD) on Milteer's whistleblower claim. In a single issue, Milteer argues the trial court erred in granting UTD's motion for summary judgment on the ground limitations barred Milteer's claims. We affirm the trial court's judgment.

On January 31, 2012, Milteer filed his original petition alleging a claim of wrongful termination under the Whistleblower Act. Milteer alleged he began working at UTD in November 2008 as a network support specialist under his immediate supervisor, Dr. Ka Yui Ho, the manager of academic computing in one of UTD's academic departments. In May 2011, Milteer was responsible for preparing an annual report for UTD that reported, in part, the status of all the equipment his department oversaw. Milteer believed a certain laptop should have been

reported as stolen, but Ho instead required Milteer to list the laptop as missing on his report. In June and July 2011, concerns about computer security arose throughout the UT system, and outside auditors were hired to investigate. According to Milteer, "Ho made false representations to the auditors regarding computer encryption and security within his department." Milteer "refused to support the statements and openly contradicted Dr. Ho's statements to the auditors." Ho "became irate" and verbally abusive toward Milteer and continued the verbal abuse and was "physically confrontational" with Milteer at one point.

Milteer reported Ho's conduct to the University of Texas System Ethics and Compliance Hotline and the Texas System Ethics and Compliance Hotline. Milteer also filed complaints with, among others, the UTD human resources department, UTD property control, UTD police, and the UTD president. Nevertheless, Ho's conduct toward Milteer "became more combative and retaliatory." On July 21, 2011, Milteer was served with a notice of intent to terminate his employment. Milteer asserted his employment was later terminated, he filed an appeal, he obtained a hearing with UTD administrators, and the termination was finally upheld and finalized on November 2, 2011.

UTD filed a traditional motion for summary judgment alleging Milteer's claims were barred by limitations. Specifically, UTD alleged Milteer was notified he was being terminated from employment with UTD "effective August 10, 2011 at 5:00 p.m. for behavior that is inappropriate and disruptive to the workplace and for insubordination." Milteer was further informed that he could appeal the termination by submitting a written request for a hearing to Dr. Hobson Wildenthal, the UTD executive vice president for academic affairs and provost within ten days. Milteer "invoked the applicable appeal procedures by a letter to Dr. Wildenthal dated August 12, 2011." Following a hearing, Wildenthal sent Milteer a letter dated November 2, 2011 informing Milteer of the decision to uphold the termination of his employment. Milteer

received Wildenthal's letter on November 7, 2011. Milteer waited until January 31, 2012 to file his lawsuit, which UTD alleged was outside the limitations period mandated by the Whistleblower Act. The trial court granted summary judgment in favor of UTD without specifying the grounds for its ruling, and this appeal followed.

In a single issue, Milteer argues the trial court erred in granting summary judgment on his whistleblower claim. Specifically, Milteer argues a fact issue exists "as to whether [Milteer] knew or should have known about his whistleblower claim in time to file a grievance." Milteer argues he "did not recall of a whistleblower cause of action independently" and "discovered the whistleblower action through his counsel after being advised of the result of the administrative remedy." Thus, Milteer argues, his counsel "timely filed the whistleblower lawsuit (within the 90 day limit)."

The standard of review for traditional summary judgment under Texas Rule of Civil Procedure 166a(c) is well established. TEX. R. CIV. P. 166a(c). The movant for summary judgment has the burden of showing there is no genuine issue of material fact and it is entitled to summary judgment as a matter of law. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985); *In re Estate of Berry*, 280 S.W.3d 478, 480 (Tex. App.—Dallas 2009, no pet.). In deciding whether there is a disputed fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true, every inference must be indulged in favor of the nonmovant, and any doubts must be resolved in the nonmovant's favor. *Nixon*, 690 S.W.2d at 549. Once the movant establishes its right to summary judgment as a matter of law, the burden shifts to the nonmovant to present evidence raising a genuine issue of material fact, thereby precluding summary judgment. *Espalin v. Children's Med. Ctr. of Dallas*, 27 S.W.3d 675, 682 (Tex. App.—Dallas 2000, no pet.). We review the granting of a summary judgment de

novo. *Kyle v. Countrywide Home Loans, Inc.*, 232 S.W.3d 355, 358 (Tex. App.—Dallas 2007, pet. denied).

The Whistleblower Act gives plaintiffs 90 days to file a grievance; the 90 days to file a grievance runs from the date the alleged violation of the Act occurs or was discovered by the employee through reasonable diligence. TEX. GOV'T CODE ANN. §§ 554.005; 554.006(b) (West 2012); *Tex. S. Univ. v. Carter*, 84 S.W.3d 787, 790 (Tex. App.—Houston [1st Dist.] 2002, no pet.). A public employee must initiate action under the grievance or appeal procedures of the employing state or local governmental entity relating to suspension or termination of employment or adverse personnel action before suing under the Act. TEX. GOV'T CODE ANN. § 554.006(a) (West 2012). Time used by the employee in acting under the grievance or appeal procedures is excluded from the 90-day limitations period, except as provided by subsection 554.006(d). *Id.* § 554.006(c). Section 554.006(d) provides:

> (d) If a final decision is not rendered by the 61st day after the date procedures are initiated under Subsection (a), the employee may elect to:
>
> (1) exhaust the applicable procedures under Subsection (a), in which event the employee must sue not later than the 30th day after the date those procedures are exhausted to obtain relief under this chapter; or
>
> (2) terminate procedures under Subsection (a), in which event the employee must sue within the time remaining under Section 554.005 to obtain relief under this chapter.

*Id.* § 554.006(d).

Here, the summary judgment evidence shows Milteer was terminated from employment with UTD "effective August 10, 2011 at 5:00 p.m." On August 12, 2011, Milteer sent Wildenthal a letter requesting an expedited appeal of the notice of decision to terminate employment and seeking documents related to "all Tangible Employment Actions" including, among other things, all disciplinary actions. That same day, Milteer sent an email to David Gleason, director of employee services in the UTD human resources management office. The

email was copied to more than a dozen recipients in the UTD system, including Wildenthal. In the email, Milteer asked Gleason to "please explain how UT Dallas claims to protect their employees from being fired, harassed, retaliated and falsifying allegations against an employee for calling UT Dallas hotline?" In the email, Milteer also cited the non-retaliation provisions of the UT System providing protection from retaliation for employees reporting suspected wrongdoing or calling the hotline. Following an appeal hearing on October 11, 2011, Wildenthal sent Milteer and his attorney a letter dated November 2, 2011 in which Wildenthal stated it was his final decision that Milteer's termination should be upheld. On November 7, 2011, Milteer received Wildenthal's letter.

Thus, limitations on Milteer's claim under the Whistleblower Act began to run on the date of his termination, August 10, 2011. *Carter*, 84 S.W.3d at 793. On October 12, 2011, sixty-one days after Milteer initiated appeal procedures, no final decision had been rendered on Milteer's appeal; however, Milteer chose to wait until his appeal was exhausted following a hearing and Wildenthal's letter making his termination final, which Milteer received on November 7, 2011. Thus, the record shows Milteer elected to exhaust the applicable appeal procedures, in which case he was required to sue not later than the 30th day after the date those procedures were exhausted in order to obtain relief under the Whistleblower Act. TEX. GOV'T CODE ANN. § 554.006(d)(1) (West 2012). Accordingly, limitations had run when Milteer filed his suit against UTD on January 31, 2012, eighty-five days after he received the letter notifying him that his appeal had been exhausted. *See id.*

Milteer argues a fact issue exists as to whether he knew or should have known of his whistleblower claim in time to file a grievance. On the contrary, the record affirmatively demonstrates that, on August 12, 2011, two days after his termination, Milteer emailed Wildenthal and others at UTD raising the issue of retaliation and citing the non-retaliation

provisions of the UT System providing protection from retaliation for employees reporting suspected wrongdoing or calling the hotline. Thus, on August 12, 2011, Milteer was aware he had been terminated and was aware of the allegedly wrongful nature of the termination due to "retaliation." *See Villareal v. Williams*, 971 S.W.2d 622, 626 (Tex. App.—San Antonio 1998, no pet.) (terminated employees were aware they had been terminated and aware of allegedly wrongful nature of termination due to "temporal proximity" following their whistleblowing activities).

To the extent Milteer relies on his affidavit, attached to his response to UTD's motion for summary judgment, to create a fact issue, we conclude it does not. In his affidavit, Milteer stated he did not know, "nor could [he] have even suspected" his termination was based on a whistleblower action until November 9, 2011, when his attorney received Wildenthal's letter notifying Milteer his termination was final. An affidavit of an interested party may serve as competent summary judgment proof so long as such affidavit evidence is clear, positive, direct, credible, free from contradiction, and susceptible of being readily controverted. TEX. R. CIV. P. 166a(c); *Haynes v. City of Beaumont*, 35 S.W.3d 166, 178 (Tex. App.—Texarkana 2000, no pet.). Conclusory statements in affidavits are not competent evidence to support a summary judgment. *Id.* A conclusory statement is one that does not provide the underlying facts to support the conclusion. *Id.* As we have discussed, Milteer knew he was terminated on August 10, 2011, and he contacted UTD officials two days later seeking an appeal of his termination and asking Gleason to "please explain how UT Dallas claims to protect their employees from being fired, harassed, retaliated and falsifying allegations against an employee for calling UT Dallas hotline?" Milteer's statement he did not know his termination was based on a whistleblower action is directly contradicted by his contact with UTD officials, and he fails to provide any underlying facts supporting his statement. As such, his statement is conclusory and not

–6–

competent summary judgment evidence. *See id.* Under these circumstances, the trial court did not err in granting summary judgment on the grounds limitations barred Milteer's claims. *See* TEX. GOV'T CODE ANN. § 554.006(d); *Nixon*, 690 S.W.2d at 546. We overrule Milteer's single issue.

We affirm the trial court's judgment.


131076F.P05


                    /David L. Bridges/
                    DAVID L. BRIDGES
                    JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RICK MILTEER, Appellant

No. 05-13-01076-CV      V.

THE UNIVERSITY OF TEXAS AT
DALLAS, Appellee

On Appeal from the 429th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 429-02486-2012.
Opinion delivered by Justice Bridges.
Justices Lang and Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee THE UNIVERSITY OF TEXAS AT DALLAS recover its
costs of this appeal from appellant RICK MILTEER.

Judgment entered November 4, 2014.