**CONQUISTADOR PETROLEUM, INC., Appellant,**

v.

**Betty CHATHAM, Appellee.**

No. 11–94–157–CV.

Court of Appeals of Texas, Eastland.

May 25, 1995.

Rehearing Overruled June 22, 1995.

**440**

Bruce M. Partain, J. Mitchell Smith, Wells, Peyton, Beard, Greenberg, Hunt and Crawford, L.L.P., Beaumont, Billy W. Boone, Abilene, for appellant.

Frank D. Scarborough, Glandon, Scarborough, Gravley, & Leggett, Abilene, for appellee.

WRIGHT, Justice.

 This is a summary judgment case involving the rule against perpetuities.[1] The trial court granted summary judgment in favor of Betty Chatham (Optionor) based upon its finding that the option agreement violated the rule against perpetuities. Conquistador (Assignee of Optionee) appeals. We reverse and remand.

On May 23, 1988, Chatham entered into an oil, gas and mineral lease with Jack Landers and Brand Jones.[2] Paragraph 2 of the Landers/Jones lease provides:

> Subject to the other provisions herein contained, this lease shall be for a term of 6 months from this date (called "primary term") and as long thereafter as oil, gas, or other mineral is produced from said land hereunder.

Paragraph 11 of the Landers/Jones lease provides:

> Upon expiration of the primary term of this lease, the lease will terminate as to both parties except each producing oil well will hold 40 acres in the form of a square around each producing oil well or gas well with the well in the center thereof.

On or about August 10, 1988, Chatham entered into the Option to Lease Land for Oil, Gas and Mineral Purposes with Santa Anna Energy, Inc. The agreement provides:

> [Chatham] agrees that, upon the *expiration of the primary term of said existing lease,* that she has previously agreed that the said Jack Landers and Brand Jones shall have the first option to renew said lease as to all or any part of said 156.35 acres. *In the event that the said Jack Landers and Brand Jones do not exercise such option to obtain a new lease within ten (10) days from the expiration date of the current lease,* as to all or any part of said acreage, then, in such event, [Chatham] shall notify [Santa Anna] in writing at P.O. Box 519, Santa Anna, Texas 76878, and [Santa Anna] shall thereupon have five (5) days after receipt of such notice within which to exercise said option to lease all or such portions of said land not then under lease. (Emphasis added)

Conquistador Petroleum, Inc., as assignee of Santa Anna Energy, Inc., filed a suit for specific performance of the Option Agreement and, alternatively, alleged a breach of contract action against Chatham alleging that Landers and Jones did not exercise their option to re-lease the property, that Chatham did not notify Conquistador of Landers' and Jones' failure to exercise their option, and that Chatham leased the property on December 12, 1988, to Claude Freeman.

 Conquistador argues, in its first point of error, that Chatham's motion for summary judgment was *insufficient as a matter of law* under the requirements of TEX.R.CIV.P. 166a. Conquistador also argues that Chatham's motion for summary judgment was insufficient because it failed to explain or address how the agreement violated the rule against perpetuities.

 A motion for summary judgment must expressly present the grounds upon

---

1. The rule against perpetuities states that "no interest is valid unless it must vest, if at all, within twenty-one years after the death of some life or lives in being at the time of the conveyance." The rule requires that a challenged conveyance be viewed as of the date the instrument is executed. *Peveto v. Starkey,* 645 S.W.2d 770,

772 (Tex.1982). The conveyance is void if, by any possible contingency, the grant or devise could violate the rule. *Peveto v. Starkey,* supra.

2. Both parties agree that the Landers/Jones lease must be considered in this case.

which it is made. Rule 166a(c). While the grounds may be stated concisely without detail and argument, the grounds must at least be listed in the motion. *Roberts v. Southwest Texas Methodist Hospital,* 811 S.W.2d 141, 146 (Tex.App.—San Antonio 1991, writ den'd).

■ Here, Conquistador and Chatham filed a Joint Motion for Leave to File a Motion for Summary Judgment to determine whether the Option Agreement was enforceable under the rule against perpetuities. Chatham's motion for summary judgment stated: "[Chatham] moves for summary judgment against [Conquistador] on the affirmative defense of unenforceability pursuant to the Rule Against Perpetuities." Conquistador did not except to Chatham's motion and, thus, waived its right to complain on appeal that the motion lacked specificity. TEX.R.CIV.P. 90; *Lochabay v. Southwestern Bell Media, Inc.,* 828 S.W.2d 167, 170 n. 2 (Tex.App.—Austin 1992, no writ). We hold that Chatham's motion sufficiently set forth the ground upon which summary judgment was sought. Conquistador's first point of error is overruled.

■ In the second and third points of error, Conquistador contends that the trial court erred because the agreement did not violate the rule against perpetuities. We agree.

■ To obtain a summary judgment, the movant must establish as a matter of law that no genuine issue of material fact exists. Rule 166a; *Black v. Victoria Lloyds Insurance Company,* 797 S.W.2d 20, 23 (Tex.1990); *Nixon v. Mr. Property Management Company, Inc.,* 690 S.W.2d 546, 548–549 (Tex.1985). In a review of an order granting a summary judgment, all evidence favorable to the non-movant is taken as true; and every favorable, reasonable inference is indulged in the non-movant's behalf. Further, any doubt is resolved in favor of the non-movant. *Black v. Victoria Lloyds Insurance Company, supra.* A defendant moving for summary judgment based on an affirmative defense must conclusively prove all the essential elements of his defense as a matter of law. *Black v. Victoria Lloyds Insurance Company, supra;*

*Montgomery v. Kennedy,* 669 S.W.2d 309, 310–311 (Tex.1984).

■ Chatham and Conquistador agree that the Option Agreement is unambiguous. In interpreting the Option Agreement, we must ascertain and give effect to the true intentions of the parties. We determine the parties' intentions by considering all of the provisions of the lease and by harmonizing, if possible, those provisions which may appear to be in conflict. *Phillips v. Inexco Oil Company, Inc.,* 540 S.W.2d 546, 548–549 (Tex.Civ.App.—Tyler 1976, writ ref'd n.r.e.); *Read v. Britain,* 414 S.W.2d 483, 486 (Tex.Civ.App.—Amarillo), *aff'd,* 422 S.W.2d 902 (Tex.1967). If an instrument is equally open to two constructions, effect will be given to the construction which renders the agreement valid rather than void. *Kelly v. Womack,* 153 Tex. 371, 268 S.W.2d 903, 906 (1954).

The question of whether the agreement violates the rule against perpetuities centers upon of the phrase "expiration date of the current lease." Chatham argues that this phrase means that Conquistador's option came into existence upon the *expiration date of the secondary term of the Landers/Jones lease* and not upon the expiration of the primary term. (Emphasis added) Chatham, therefore, maintains that the agreement violates the rule against perpetuities because the Landers/Jones lease could continue for decades after the date the agreement was executed as long as there was sufficient production to hold the tract of land under the terms of the lease. We disagree.

The primary term of the Landers/Jones lease expired on November 23, 1988. The agreement provides that Santa Anna Energy had the option to lease the property in the event that Landers and Jones "[did] not exercise such option to obtain a new lease within [ten] days from the expiration date of the current lease." "Such option" refers to the immediately preceding sentence which stated that Landers and Jones shall have the option to renew the lease upon the expiration of the *"primary term."* We hold that, when construing the entire provision which granted Conquistador the option to lease, the parties intended that Landers and Jones exer-

cise their option within ten days of the expiration of the primary term of the Landers/Jones lease. Conquistador's option to lease the property would vest, if at all, within the time period prescribed by the Rule. Conquistador's second and third points of error are sustained, and we need not address Conquistador's final point of error. TEX. R.APP.P. 90(a).

The judgment of the trial court is reversed, and the cause is remanded to the trial court.