Opinion issued June 19, 2008








     



In The
Court of Appeals
For The
First District of Texas








NO. 01-07-00438-CV








STANLEY RUSSELL COLEMAN, Appellant

V.

LYNN A. REVAK, REVAK TURBOMACHINERY SERVICES, INC.,
REVAK ETNERPRISES, INC., L-MART INTERNATIONAL
CORPORATION, REVAK CONTROLS CORPORATION, TURBO
STORAGE SERVICE COMPANY, AND REVAK ENERGY, INC., Appellees








On Appeal from the 11th District Court
Harris County, Texas
Trial Court Cause No. 2006-35477











MEMORANDUM OPINION

          This appeal arises from the termination of appellant Stanley Russell
Coleman’s (“Coleman”) employment with appellees, Lynn A. Revak, Revak
Turbomachinery Services, Inc., Revak Enterprises, Inc., L-Mart International
Corporation, Revak Controls Corporation, Turbo Storage Service Company, and
Revak Energy, Inc. (collectively, “Revak”). Coleman sued Revak for breach of
contract and common law fraud. The trial court granted Revak’s motion for
summary judgment. In two issues, Coleman argues that the trial court erred in
granting summary judgment in favor of Revak because (1) the motion for summary
judgment did not set forth the grounds for granting the motion and/or the grounds
set forth lacked the specificity required as a matter of law and (2) there were
genuine issues of material fact created by Coleman’s affidavit that precludes
summary judgment on his breach of contract and common law fraud claims. We
affirm. 
Factual Background



Prior to being employed by Revak, Coleman was a consultant based in
Nederland, Texas who occasionally performed consulting services for Revak. 
Eventually, Revak offered Coleman a full-time employment position in Houston.
Revak assured Coleman that, if he accepted the job offer, Coleman could only be
terminated for cause and that it would not be an at will position. Revak repeated
this assurance more than once. In reliance on these representations, Coleman
accepted the job offer, shut down his business in Nederland, and relocated with his
wife to Houston. 
Shortly after beginning his employment with Revak, Coleman completed an
employment application. In the application Coleman put his initials by the
following acknowledgment:
I understand that nothing contained in the application or conveyed to
me during any interview that may be granted is intended to create an
employment contract, implied or explicit, between the Revak
Companies and me. In addition, I understand and agree that if I am
employed, my employment relationship with the Revak Companies is
strictly voluntary and at our mutual will. I understand that if
employed, my employment is for no definite period and may be
terminated at any time, with or without prior notice, with or without
cause or reason, at the option of either me or the Revak Companies,
and that no promises or representations contrary to the foregoing are
binding on the Revak Companies unless made in writing and signed
jointly by the President/CEO and me.
 
After Coleman was hired, Revak continued to represent to Coleman that his
position was not at will. After 40 months of employment, Revak eventually
terminated Coleman without cause. 
          Coleman sued Revak for breach of contract and common law fraud. Revak
moved for summary judgment based upon the statute of frauds, the statute of
limitations, and the fact that Coleman was an at will employee as evidenced by his
acknowledgment in the employment application. Without stating its reasons, the
trial court granted Revak’s motion for summary judgment. This appeal timely
followed. 
Standard of Review
Our review of a trial court’s decision to grant summary judgment is de novo.
Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005). In a
traditional summary judgment motion, the movant must show that there is no
genuine issue of material fact and that he is entitled to judgment as a matter of law.
Tex R. Civ. P. 166a(c); Pustejovsky v. Rapid-Am. Corp., 35 S.W.3d 643, 645–46
(Tex. 2000). When a defendant moves for traditional summary judgment, the
summary judgment evidence must either (1) disprove at least one element of the
plaintiff’s cause of action or (2) conclusively establish each essential element of its
affirmative defense, thereby defeating the plaintiff’s cause of action. Cathey v.
Booth, 900 S.W.2d 339, 341 (Tex. 1995). In deciding whether a disputed material
fact issue precludes summary judgment, we take evidence favorable to the
nonmovant as true, and indulge every reasonable inference and resolve any doubts
in favor of the nonmovant. Provident Life & Accid. Ins. Co. v. Knott, 128 S.W.3d
211, 215 (Tex. 2003). When, as here, the trial court does not specify the grounds
upon which it ruled, the summary judgment may be affirmed if any of the grounds
stated in the motion is meritorious. W. Invs., Inc. v. Urena, 162 S.W.3d 547, 550
(Tex. 2005); Mayes v. Goodyear Tire & Rubber Co., 144 S.W.3d 50, 55 (Tex.
App.—Houston [1st Dist.] 2004, no pet.). 
Discussion
Grounds for Summary Judgment
          In his first issue, Coleman contends that the court erred in granting Revak’s
motion for summary judgment because the motion did not expressly present the
grounds for summary judgment in its motion. Coleman argues that the motion was
“so vague and incomplete that the bases for dismissing [his] causes of action were
indecipherable.” Coleman argues that the motion was required to specify “how
each conclusion is reached or supported by the evidence.” We disagree. 
Rule 166a(c) of the Texas Rules of Civil Procedure provides that a motion
for summary judgment must “state the specific grounds therefor.” Tex. R. Civ. P.
166a(c); Stiles v. Resolution Trust Corp., 867 S.W.2d 24, 26 (Tex. 1993). While
the grounds “must at least be listed in the motion,” they “may be stated concisely,
without detail and argument.” McConnell v. Southside Indep. Sch. Dist., 858
S.W.2d 337, 340 (Tex. 1993). A movant is not required to specifically describe
how evidence in support of the motion justifies a summary judgment; merely
identifying a theory of liability or defense will suffice. See, e.g., Conquistador
Petroleum, Inc. v. Chatham, 899 S.W.2d 439, 441–42 (Tex. App.—Eastland 1995,
writ denied) (Court found that the following statement alone regarding an
affirmative defense was sufficient to satisfy the requirements of Rule 166a(c):
“[Defendant] moves for summary judgment against [Plaintiff] on the affirmative
defense of unenforceability pursuant to the Rule against Perpetuities.”). 
Grounds are sufficiently specific if they give “fair notice” to the nonmovant
of the claim involved. City of Roanoke v. Town of Westlake, 111 S.W.3d 617, 633
(Tex. App.—Ft. Worth 2003, pet. denied). Where the grounds are ambiguous,
unclear or otherwise lacking in specificity, the nonmovant must specially except to
the form of the motion and give the movant an opportunity to amend before the
nonmovant can complain about this issue on appeal. McConnell, 858 S.W.2d at
341. The failure to specially except will result in the waiver of this issue on
appeal. Conquistador Petroleum, Inc., 899 S.W.2d at 442. 
          Here, Revak’s motion complies with the mandates of Rule 166a(c) by
expressly setting forth the specific grounds for summary judgment. The motion
gives Coleman notice that the motion addresses all claims asserted in this action
and states that “Coleman’s claims are barred and denied by the Statute of Frauds
[Business & Commerce Code Sec. 26.01(b)(6)] and by the Statute of Limitations
and especially by the above cited paragraph 4 of the Employment Application
signed May 22, 2000.” Specifically, Coleman had fair notice that his at will status
was being asserted as defense to his claims. The cited paragraph refers to the
initialed acknowledgement that Coleman has no employment contract with Revak
and is an at will employee. Coleman did not file a special exception to the grounds
for summary judgment stated in the motion as “vague,” “incomplete,”
“indecipherable,” or otherwise lacking in specificity. Accordingly, Coleman has
waived his right to argue on appeal that the grounds in the motion lacked sufficient
specificity. See McConnell, 858 S.W.2d at 342–43; Conquistador Petroleum, Inc.,
899 S.W.2d at 442.
          As part of his first issue, Coleman also asserts that the trial court erred in
considering his employment application as summary judgment evidence because
he objected to its admissibility on grounds that Revak did not establish “a proper
predicate for its authenticity.” To raise this issue on appeal, Coleman was required
not only to make this objection, but to secure a ruling on his objection by the trial
court. Hou-Tex, Inc. v. Landmark Graphics, 26 S.W.3d 103, 112 (Tex.
App.—Houston [14th Dist.] 2000, no pet.). The record does not demonstrate that
Coleman secured a ruling on his objection to the employment application. 
Therefore, Coleman has waived any complaint on appeal. 
          We hold that the grounds for summary judgment set forth in the motion are
sufficient to satisfy the requirements of Rule 166a(c) and Coleman has waived his
right to complain on appeal the lack of specificity of those grounds. We overrule
Coleman’s first issue. 
          Issue of Material Fact
          In his second issue, Coleman contends that the affidavit attached to his
response to Revak’s motion for summary judgment raises issues of material fact
that preclude summary judgment on his breach of contract and common law fraud
claims. Coleman argues that the affidavit sets forth facts showing that he was not
an at will employee and that Revak continued to make material misrepresentations
to him regarding his tenure both before and after he accepted the job offer and that
these facts defeat the motion. We disagree.
          Assuming, as we must, all of the facts in Coleman’s affidavit concerning his
employment status and the representations Revak made to him are true, Revak was
entitled to summary judgment on Coleman’s breach of contract and fraud claims. 
Nixon v. Mr. Prop. Mgmt. Co., Inc., 690 S.W.2d 546, 548–49 (Tex. 1985). To
establish a claim for breach of contract, Coleman must first establish the existence
of a valid contract. Williams v. First Tenn. Nat’l Corp., 97 S.W.3d 798, 802–03
(Tex. App.—Dallas 2003, no pet.). Coleman asserts that, based on the oral
representations made by Revak, Coleman had an oral contract with Revak that he
would not be fired except for cause. However, Revak’s assurances and
representations to Coleman were too indefinite to constitute an employment
contract limiting Revak’s right to terminate Coleman. See Montgomery County
Hosp. Dist. v. Brown, 965 S.W.2d 501, 502–03 (Tex. 1998).
For more than a century, the general rule in Texas has been that, absent a
specific agreement to the contrary, employment may be terminated by the
employer or the employee at will, for good cause, bad cause, or no cause at all. 
Fed. Express Corp. v. Dutschmann, 846 S.W.2d 282, 283 (Tex. 1993); East Line
& R.R.R. Co. v. Scott, 72 Tex. 70, 75, 10 S.W. 99, 102 (1888). A promise,
acceptance of which will form a contract, “is a manifestation of intention to act or
refrain from acting in a specified way, so made as to justify a promisee in
understanding that a commitment has been made.” Restatement (Second) of
Contracts § 2(1) (1981). General statements like those allegedly made by Revak
simply do not justify the conclusion that the speaker intends to make a binding
contract of employment. See Brown, 965 S.W.2d at 502. For such a contract to
exist, the employer must unequivocally indicate a definite intent to be bound not to
terminate the employee except under clearly specified circumstances. Id. General
comments that an employee will not be discharged as long as his work is
satisfactory do not in themselves manifest such intent. Id. Neither do statements
that an employee will be discharged only for “good reason” or “good cause” when
there is no agreement on what those terms encompass. Id. Without such agreement
the employee cannot reasonably expect to limit the employer’s right to terminate
him. Id. Accordingly, Coleman cannot establish an essential element of his breach
of contract claim, the existence of a valid contract, and the trial court did not err in
granting summary judgment on this claim. Id. The basis of Coleman’s fraud claim
is that Revak terminated him without cause after making repeated
misrepresentations to Coleman that he could be terminated only for cause. As
discussed above, the summary judgment evidence establishes that there was no
contract between Revak and Coleman altering Coleman’s at will status with Revak. 
See Brown, 965 S.W.2d at 502 (holding employment is presumed to be at will
absent specific contrary agreement). We have held that an “at will” employee is
barred from bringing a cause of action for fraud against his employer based upon
the employer’s decision to discharge the employee. Miller v. Raytheon Aircraft
Co., 229 S.W.3d. 358, 381 (Tex. App.—Houston [1st Dist.] 2007, no pet.); see
also Brown v. Swett & Crawford of Tex., Inc., 178 S.W.3d 373, 379–80 (Tex.
App.—Houston [1st Dist.] 2005, no pet.) (holding that status as at will employee
precludes claim for fraudulent inducement as matter of law). Accordingly,
Coleman’s fraud claim is precluded as a matter of law because Coleman’s
employment was at will. The trial court did not err in granting summary judgment
on this claim.
We hold that the affidavit does not raise a genuine issue as to any material
fact that would defeat summary judgment. We overrule issue two.

Conclusion

          We affirm the judgment of the trial court. 
    
 
George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Justices Nuchia, Alcala, and Hanks